**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERI LABLANCHE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V.                    , | § | |
| | § | |
| NATIONAL BOARD OF MEDICAL | § | CIVIL ACTION NO.  4:13-CV-00204 |
| EXAMINERS – (NBME), FEDERATION | § | |
| OF STATE MEDICAL BOARDS – | § | |
| (FSMB), EDUCATIONAL COMMISSION | § | |
| FOR FOREIGN MEDICAL GRADUATES | § | |
| – (ECFMG) | § | |
| | § | |
| DEFENDANTS. | § | |

<u>**DEFENDANTS' RULE 12(B)(5) MOTION TO DISMISS, OR FOR MORE DEFINITE
STATEMENT PURSUANT TO RULE 12(E)**</u>

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Motion to Dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, or in the alternative, for a More Definite Statement Pursuant to Rule 12(e), and would respectfully show this Court as follows:

## I.      BACKGROUND

On January 25, 2013, Plaintiff Cheri LaBlanche filed an "Original Petition For Injunctive Relief of Medical Licensure Exam Equity & Reasonable Accomodation [sic] for Paper Base Testing Due to Computer Test Disability" (the "Complaint") **(Exhibit A)**.  Plaintiff's Complaint seeks injunctive relief ordering Defendants NBME and FSMB, the sponsors of the United States Medical Licensing Examination ("USMLE"), to administer a "paper base" version of the examination.  Plaintiff claims that her previous failures on the examination were caused by

"repetitious denials" for a paper-based form of the test to eliminate her undefined and unsubstantiated disability of "'acute headaches' that consistently develop approximately after 30 minutes of visual contact and interaction with any computer monitor/screen."

On April 16, 2013, Plaintiff improperly served process on all parties via certified mail in violation of the Federal Rules of Civil Procedure. Her complaint therefore should be dismissed pursuant to Rule 12(b)(5). In the alternative, because Plaintiff's Complaint is vague and ambiguous, it must be re-pleaded with greater specificity pursuant to Federal Rule of Civil Procedure 12(e). Defendants cannot determine the basis for this Court's diversity jurisdiction, the legal theories supporting Plaintiff's cause of action, or the statutes on which Plaintiff's claim is based.

## II.   <u>MOTION TO DISMISS PURSUANT TO RULE 12(B)(5)</u>

*Insufficient Service of Process*

Defendants move this Court to dismiss this action for insufficiency of service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. On April 16, 2013, Plaintiff attempted to effectuate service of process on Defendants under Rule 4. Plaintiff herself served Defendants with process via certified mail. **(Exhibit B.)** The Federal Rules, however, prohibit a plaintiff from personally serving process on a defendant. Fed. R. Civ. P. 4(c)(2) ("[A]ny person who is at least 18 years old and **not a party** may serve a summons and complaint.") (emphasis added). Because Plaintiff is a party to this action, she is not permitted to serve process.

Although Rule 4(h) provides that service of process may be effectuated pursuant to the law of the state in which the district court is located, Texas law similarly does not permit a party to personally serve process. Tex. R. Civ. P. 103 ("But no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . .); *Brewer v. Curtis*, No. 3-10-CV-0837-G-BD, 2011 WL 117880, at *2 (N.D. Tex. Jan. 4, 2011) ("Despite being told that no

person who is a party to or interested in the outcome of a suit may serve process, and that service by registered or certified mail 'must be effected by a sheriff, constable, court clerk, or suitable person authorized by written order of the court or certified under order of the Supreme Court of Texas,' plaintiff failed to effect service in that manner.")[1]; *Jernigan v. Jernigan*, CA No. H-10-2744, 2010 WL 3768076, at *1 (S.D. Tex. Sept. 24, 2010) (Rosenthal, J.) ("[T]he proof of service shows that [plaintiff] simply mailed copies of the summons to the defendants at their last known addresses. This is not effective service of process.").

As a result, Plaintiff has not properly served Defendants. Defendants therefore ask this Court to dismiss Plaintiff's Complaint or, in the alternative, quash service of the Complaint and direct Plaintiff to properly and timely serve Defendants in accordance with the Federal Rules.

### III.   MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)

Pleading in the alternative, Defendants request that the Court enter an order requiring Plaintiff to re-plead and provide a more definite statement of her cause of action pursuant to Rule 12(e). Under Rule 12(e), when "a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Adams v. Patel*, No. H-09-02283, 2009 WL 3170918, at *3 (S.D. Tex. Sep. 28, 2009) (Rosenthal, J.). Granting a motion for a more definite statement is a matter left to the district Court's considerable discretion. *Adams*, 2009 WL 3170918 at *3.

Plaintiff's Complaint fails to meet the ordinary federal pleading standard set forth in Rule 8(a), which requires a complaint to provide a "short and plain statement of the grounds for the court's jurisdiction," as well as to make a showing that "the pleader is entitled to relief." Fed. R.

---

[1] Pursuant to the Court's Procedure Rule 4(J), copies of all unpublished opinions cited in this motion are attached as **Exhibit C**.

Civ. P. 8(a)(1) & (2).   While Rule 8 does not require detailed factual allegations, a complaint offering only "labels and conclusions" or "naked assertions devoid of further factual enhancement" is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   Plaintiff's Complaint fails to meet these minimum requirements.

### *Insufficient Support for Diversity Jurisdiction*

First, Plaintiff's Complaint fails to properly allege the grounds for this Court's diversity jurisdiction.   Although the Complaint broadly alleges that "plaintiffs are citizens of a State different from the Defendant," the Complaint fails to identify the state of Plaintiff's citizenship. Critically, diversity jurisdiction must be supported in the complaint by specific factual statements, not mere allegations.   *Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521-22 (10th Cir. 1991) (holding that mere allegation that "there is complete diversity of citizenship" is not sufficient).   In addition, the Complaint fails to state facts showing that no Defendant is incorporated in the Plaintiff's home state, nor has its principal place of business there.   *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-05 (5th Cir. 1991) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states.") (internal citations omitted).   For each of these reasons, Plaintiff's Complaint contains insufficient factual allegations, and Plaintiff therefore should be ordered to re-plead.

### *Insufficient Statement of Legal Basis of Claim*

Second, Plaintiff's Complaint fails to identify the legal basis of her claim.   The Complaint cites no statute or cause of action that might entitle Plaintiff to the relief sought.   *See Wright v. Spindletop Films, LLC*, C.A. No. 4:10-CV-4549, 2011 WL 3273125, at *3 (S.D. Tex. July 28, 2011) (Ellison, J.) (granting 12(e) motion in part because "[plaintiff] does not even

identify the statutory provisions that give rise to his cause of action"). Until Plaintiff identifies the legal basis of her claim, Defendants are not in a position to provide a complete answer to Plaintiff's allegations. This Court therefore should order that Plaintiff re-plead and identify the legal basis supporting her claims.

Accordingly, because Plaintiff's Complaint fails to provide Defendants with sufficient notice to prepare a response, Plaintiff should be required to amend her pleading to: (1) identify the alleged factual basis supporting this Court's diversity jurisdiction; and (2) identify the statutes and/or common law causes of action upon which she bases her claims.

## IV.   CONCLUSION

For the reasons stated herein, Defendants pray that this Motion to Dismiss be granted. In the alternative, Defendants pray that the Court grant this Motion for a More Definite Statement and enter an order requiring Plaintiff to amend her Complaint. Defendants further pray that it receive any and all further relief to which it may be entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:  /s/  Alaina King Benford
_____
    Alaina King Benford
    Attorney-In-Charge
    State Bar No.  24027288
    Federal I.D. No. 26994
    Peter C. Tipps
    State Bar No. 24070748
    Federal I.D. No. 1070319
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Counsel for Defendant National Board of
Medical Examiners, Federation of State
Medical Boards, and Educational Commission
for Foreign Medical Graduates**

## CERTIFICATE OF SERVICE

I hereby certify that on the May 7, 2013, a true and correct copy of the above and foregoing Defendant's Rule 12(b)(5) Motion to Dismiss, or for More Definite Statement Pursuant to Rule 12(e) was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

> Cheri LaBlanche
> 12806 Southspring Drive
> Houston, Texas 77047
> 713-733-9777

By:   /s/ Peter C. Tipps
      Peter C. Tipps