Westlaw.

Not Reported in F.Supp.2d, 2011 WL 117880 (N.D.Tex.)
(Cite as: 2011 WL 117880 (N.D.Tex.))

**H**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Texas,
Dallas Division.
Edward James BREWER, Plaintiff,
v.
Markeka CURTIS, et al., Defendants.

No. 3–10–CV–0837–G–BD.
Jan. 4, 2011.

Edward James Brewer, Dallas, TX, pro se.

### FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE
JEFF KAPLAN, United States Magistrate Judge.
   *1 On November 30, 2010, Plaintiff Edward James Brewer, appearing *pro se,* was ordered for the fifth time to obtain proper service on the defendants in this action. *See* Doc. # 32. Plaintiff was warned that if he failed to serve the defendants named in his complaint, and make proof of service to the court, by December 31, 2010, any defendant not served would be subject to dismissal without prejudice. *Id.; see also* FED. R. CIV. P. 4(m). Despite being told in a prior order exactly how to obtain service under the federal rules, *see* Doc. # 21, there is no indication that plaintiff has properly served, or attempted to properly serve, any defendant, other than Markeka Curtis and Jeffrey Dumbrosky, with a summons and a copy of his complaint. For these reasons, the claims against all defendants, other than Curtis and Dumbrosky, should be dismissed without prejudice.

### I.
   On April 27, 2010, plaintiff filed this unspecified civil action against the Texas Board of Pardons and Paroles and various state parole officials

and employees. In an order dated May 20, 2010, plaintiff was notified that because he paid the statutory filing fee, he was responsible for serving each defendant with a summons and complaint in accordance with the federal rules, and that any defendant not served within 120 days after the complaint was filed "will be subject to dismissal without prejudice." *See* Doc. # 7, *citing* FED. R. CIV. P. 4(m). Upon receipt of that order, plaintiff filed a motion to require the Texas Attorney General to accept service on behalf of all named and unnamed defendants. *See* Doc. # 8. Noting it was "unaware of any federal or state rule that requires the Texas Attorney General to accept service of process on behalf of a state agency or an individual defendant[,]" the court denied the motion. *See* Doc. # 10. The court also denied plaintiff's motion to appoint the United States Marshal to serve the defendants. *See* Doc. # 11. In denying that motion, plaintiff was reminded that he is responsible for serving each defendant with a summons and a copy of his complaint in accordance with Fed.R.Civ.P. 4(c). *Id.* That rule provides, in pertinent part:

   (1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

   (2) *By Whom.* Any person who is at least 18 years old *and not a party* may serve a summons and complaint.

   FED. R. CIV. P. 4(c) (emphasis added). Notwithstanding the court's clear instructions and citation to the federal rules, plaintiff attempted to effect service himself by mailing a summons for each defendant to the Texas Attorney General. *See* Docs. # 15, 16, 17, 18.

   In an order dated October 19, 2010, the court instructed plaintiff on the proper method for

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT C**

Not Reported in F.Supp.2d, 2011 WL 117880 (N.D.Tex.)
(Cite as: 2011 WL 117880 (N.D.Tex.))

serving the Texas Board of Pardons and Paroles, as well as the individual defendants named in his complaint. Plaintiff was told that under Rule 4(j)(2), a state-created governmental organization that is subject to suit, such as the Texas Board of Pardons and Paroles, must be served by:

**\*2** (A) delivering a copy of the summons and the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

*See* Doc. # 21, *citing* FED. R. CIV. P. 4(j)(2). The court also instructed that an individual defendant may be served by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id., citing* FED. R. CIV. P. 4(e). Because plaintiff attempted to serve the defendants by certified mail, return receipt requested, ostensibly in conformity with Texas law, the court pointed out the requirements for service by mail. Plaintiff was told that under the Texas Rules of Civil Procedure, service by mail must be made by a sheriff or constable, the clerk of court, "or other person authorized by law, [or] any person authorized by law or by written order of the court who is not less than eighteen years of age." *Id., citing* TEX.R. CIV. P.

103. After explaining why service on the defendants was defective, the court instructed plaintiff exactly how to obtain proper service under the federal rules:
    Service on the Texas Board of Pardons and Paroles must be made in accordance with Fed.R.Civ.P. 4(j)(2). Service on the individual defendants must be made in accordance with Fed.R.Civ.P. 4(e). If plaintiff chooses to serve the defendants personally under federal law, service may be effected by any person who is not a party and who is at least 18 years of age. *See* TEX.R. CIV. P. 4(c)(2). If plaintiff chooses to serve the defendants by registered or certified mail under Texas law, service must be effected by a sheriff, constable, court clerk, or suitable person authorized by written order of the court or certified under order of the Supreme Court of Texas. *See* TEX.R. CIV. P. 103. Regardless of the method of service chosen by plaintiff, he must pay all costs and fees required by the process server. Proof of service must be made to the court in accordance with Fed.R.Civ.P. 4(*l* ).

    *Id.* The court ordered plaintiff to obtain proper service on each defendant named in his complaint, and make proof of service to the court, by November 22, 2010, or any defendant not served would be subject to dismissal without prejudice. *Id.*

    Despite being told that no person who is a party to or interested in the outcome of a suit may serve process, and that service by registered or certified mail "must be effected by a sheriff, constable, court clerk, or suitable person authorized by written order of the court or certified under order of the Supreme Court of Texas[,]" plaintiff failed to effect service in that manner. According to affidavits filed with the clerk on November 22, 2010, *plaintiff* mailed a summons and a copy of his complaint to each defendant by certified mail. Process was not mailed by a sheriff, constable, court clerk, or other "suitable person[.]" In an order issued the same day, the court indicated that it was "inclined to dismiss this case without prejudice" because defend-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 117880 (N.D.Tex.)
(Cite as: 2011 WL 117880 (N.D.Tex.))

ants were not served within 120 days after the complaint was filed, and plaintiff failed to comply with an order instructing him on the proper method of obtaining service. *See* Doc. # 28. Rather than dismiss the case outright, the court gave plaintiff an opportunity to show good cause for failing to properly serve the defendants with a summons and a copy of his complaint in the manner required by law. *Id.*

**\*3** In response to the show cause order, plaintiff filed a pleading entitled "Motion Under Rules # 8—General Rules of Pleading to Grant Him the Opportunity to Effectively Serve All Named Defendants Under Him Original Complaint." *See* Doc. # 31. The court treated the pleading as a motion for extension of time to serve defendants, and ordered plaintiff to obtain proper service on each defendant named in his complaint by December 31, 2010. *See* Doc. # 32. Plaintiff was told that no further extensions would be granted, and that any defendant not served by that date would be subject to dismissal without prejudice. *Id.* Since that order was entered, summonses were reissued to only two of nine defendants Markeka Curtis and Jeffrey Dumbrosky. *See* Docs. # 33 & 34. Dumbrosky was served on December 16, 2010. *See* Doc. # 37. A Dallas County constable attempted to serve Curtis at her place of employment on December 29, 2010, but was told that Curtis was out on "medical leave." *See* Doc. # 36. There is no evidence that plaintiff has served, or attempted to serve, any other defendant in accordance with the federal rules.

II.
Fed.R.Civ.P. 4(m) provides, in pertinent part:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The court advised plaintiff at least *five times* that he was responsible for effecting service on the defendants named in his complaint. In an order dated October 19, 2010, plaintiff was specifically told that the Texas Board of Pardons and Paroles may be served by delivering a copy of the summons and complaint to the chief executive officer of the agency. The order also instructed plaintiff on the proper manner of obtaining service on the individual defendants. Despite those clear instructions, and multiple warnings that any defendant not properly served by December 31, 2010, would be dismissed without prejudice, plaintiff has attempted proper service on only two defendants—Markeka Curtis and Jeffrey Dumbrosky. More than 120 days have passed since plaintiff filed his complaint, and he has not shown good cause for failing to serve the other defendants. Accordingly, plaintiff's claims against all defendants, other than Curtis and Dumbrosky, should be dismissed without prejudice. *See Ayika v. Sutton,* 378 Fed.Appx. 432, 434, 2010 WL 1948362 at \*1–2 (5th Cir. May 14, 2010) (affirming dismissal of pro se civil action for failure to obtain proper service on defendants within 120 days after complaint was filed); *Larrew v. Barnes,* No. 3–02–CV–1585–K, 2003 WL 21663250 at \*1 (N.D.Tex. Mar.20, 2003) (same).

### RECOMMENDATION
Plaintiff's claims against all defendants, other than Markeka Curtis and Jeffrey Dumbrosky, should be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

**\*4** A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 117880 (N.D.Tex.)
**(Cite as: 2011 WL 117880 (N.D.Tex.))**

magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996).

N.D.Tex.,2011.
Brewer v. Curtis
Not Reported in F.Supp.2d, 2011 WL 117880 (N.D.Tex.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2010 WL 3768076 (S.D.Tex.)
(Cite as: 2010 WL 3768076 (S.D.Tex.))

▷
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Houston Division.
Latoya JERNIGAN, Plaintiff,
v.
Amber JERNIGAN, et al., Defendants.

Civil Action No. H–10–2744.
Sept. 24, 2010.

Latoya Jernigan, Houston, TX, pro se.

**ORDER**
LEE H. ROSENTHAL, District Judge.
   *1 Latoya Jernigan sued her cousin, Amber Jernigan, and two employees of the Child Protective Services, Daisy Clark and Latasha Allen, alleging that CPS "unlawfully removed" Jernigan's child, TJ, from her home, based on "malicious, vindictive lies" that Amber Jernigan told. Latoya Jernigan sues for slander, malicious prosecution, and criminal charges. She has moved for a default judgment, alleging that she properly served the defendants. However, the proof of service shows that Latoya Jernigan simply mailed copies the summons to the defendants at their last known addresses. This is not effective service of process. The federal rules allow service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Under Texas law, one means of service is "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." TEX.R. CIV. P. 106(a)(2). Such service must be made by a person authorized by Rule 103 of the Texas Rules. Rule 103 allows service by per-

sons authorized by law, such as a sheriff or constable, or by court order, "[b]ut no person who is a party to or interested in the outcome of a suit may serve any process in that suit." TEX.R. CIV. P. 103.

   The service is ineffective under Texas law. Among other reasons, Jernigan is a person "interested in the outcome." *See West v. Terry Bicycles, Inc.,* 230 F.3d 1382, 2000 WL 152805, at *3 (Fed.Cir. Feb.10, 2000) (applying Texas law); *Coleman v. Sentinel Transp. L.L.C.,* No. 09–1510, 2009 WL 3834438, at *3 (S.D.Tex.2009); *Jackson v. United States,* 138 F.R.D. 83, 87–88 (S.D.Tex.1991). In the absence of effective service, the motion for default is denied. This case will be dismissed if proper service is not accomplished by November 1, 2010.

S.D.Tex.,2010.
Jernigan v. Jernigan
Not Reported in F.Supp.2d, 2010 WL 3768076 (S.D.Tex.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2009 WL 3170918 (S.D.Tex.)
(Cite as: 2009 WL 3170918 (S.D.Tex.))

**H**
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. Texas,
Houston Division.
Curtis ADAMS, Plaintiff,
v.
Dr. Shatish PATEL Beechnut Dialysis, Defendants.

Civil Action No. H–09–02283.
Sept. 28, 2009.

Curtis Adams, Houston, TX, pro se.

Adam Daniel Pollock, Karotkin & Associates, William James Sharp, William J. Sharp & Associates Houston, TX, for Defendants.

### MEMORANDUM AND ORDER
LEE H. ROSENTHAL, District Judge.
*1 Charles Adams filed a "Civil Rights Complaint" against Dr. Shatishkumar Y. Patel, who moved to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Patel alternatively moved for a more definite statement under Rule 12(e). (Docket Entry No. 5). Adams responded to the motion. (Docket Entry No. 8). Based on a careful review of the complaint, the motion, the response, and the applicable law, and taking into account the fact that Adams is representing himself, this court denies Patel's motion to dismiss but grants the motion for a more definite statement. Adams must file an amended pleading that is clearer and more specific in describing the grounds for his suit against the defendants, no later than October 30, 2009. The reasons for this ruling are explained below.

**I. The Complaint**

Adams filed a "Civil Rights Complaint" against Patel and the Beechnut Dialysis Center on July 17, 2009. (Docket Entry No. 1). Adams alleges that he was Patel's patient. Beginning on March 15, 2007, Adams began receiving dialysis treatments at the Beechnut Dialysis Center. (Docket Entry No. 1 at 2). In his complaint, Adams states: "Plaintiff, Curtis Adams, has been subjected to discrimination by Dr. Patel by taking my rights to see the dialysis machine when I am on it. Not allowing my wife to see me and check on me." (Docket Entry No. 1 at 1). Adams also alleges that Patel "conspired" with workers at Davita Dialysis Center, where Adams had previously been a patient, "to blackball plaintiff from dialysis and he had a heart attack." (*Id.*). Adams attached a letter from Patel stating: "[o]n one of the conversations with Davita Dialysis Center it was mentioned that he [Adams] should be rejected from Beechnut Hemodialysis Center as he is a 'Trouble maker .' " (*Id.* at 2).

In his motion to dismiss, Patel asserts that when Adams was at the Beechnut Dialysis Center, he "continually refused to comply with both physician's orders and facility policies." (Docket Entry No. 5 at 2). Patel cites as examples that Adams adjusted and manipulated the dialysis machines during his treatment and that his wife entered the restricted dialysis area. (*Id.*). Patel maintains that "[d]espite repeated verbal and written warnings, Mr. Adams and his wife persisted in this behavior." (*Id.*). As a result, Patel and the Beechnut Dialysis Center asked Mr. Adams to seek treatment elsewhere. (*Id.*). In his motion to dismiss, Patel maintains that "Mr. Adams's Complaint is entirely vague and conclusory." (Docket Entry No. 5 at 3). Patel interprets Adams's claim as a civil action for deprivation of rights under 42 U.S.C. § 1983. (*Id.*). Patel argues that Adams has failed to allege the violation of a right secured by the Constitution or federal law or conduct by someone acting under color of state law.[FN1] (*Id.*). See *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 3170918 (S.D.Tex.)
**(Cite as: 2009 WL 3170918 (S.D.Tex.))**

Cir.2005).

FN1. 42 U.S.C. § 1983 states in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..."

**\*2** Adams responded to Patel's motion on August 17, 2009. (Docket Entry No. 8). Adams stated that Patel lied in his motion, "[b]ecause he [Patel] is trying to defraud this court and is disrespectful to this court by lying to this court." (*Id.*). Adams alleged that the Beechnut Dialysis Center does not have a restricted area and patients are allowed to have visitors, but "Curtis Adams could not, because I am in a mix marriage." (*Id.*). It appears that Adams is stating a racial discrimination claim.

## II. The Motion to Dismiss under Rule 12(b)(6)

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) allows a claim to be dismissed if a plaintiff fails to "state a claim upon which relief may be granted." Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standards that apply to a Rule 12(b)(6) motion to dismiss for failure to state a claim.FN2 The Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 127 S.Ct. at

1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir.2007). In *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868, 2009 WL 1361536 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly.* The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at \*12 (citing *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

FN2. Before *Twombly*, the standard for a Rule 12(b)(6) motion was "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Adams is representing himself. Courts liberally construe a *pro se* litigant's pleadings. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 39 L.Ed.2d 652 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers); *see also, Moore v. Mukasey*, 2008 U.S. Dist. LEXIS 79479 (S.D.Tex. October 9, 2008). Two weeks after the Supreme Court held in *Twombly* that a plaintiff must plead particular facts in his complaint, 127 S.Ct. at 1965, the Supreme Court clarified how *Twombly* applies in the context of *pro se* claims. In *Erickson v. Pardus*, 551 U.S. 89, ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), the Court held that a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers. In *Erickson*, which

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 3170918 (S.D.Tex.)
(Cite as: 2009 WL 3170918 (S.D.Tex.))

involved a prisoner bringing a § 1983 claim against prison officials, the Court held that the plaintiff was not required to state specific facts in his complaint. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id.* (quoting *Bell Ail. Corp. v. Twombly,* 127 S.Ct. at 1964).

**\*3** This court does not assume, as Patel does, that Adams is stating a claim under 42 U.S.C. § 1983. His complaint fails to allege that any state actor deprived him of a federally protected right. But Adams appears to allege that he was subjected to racial discrimination in the treatment he received at the Beechnut Dialysis Center. Such a claim could arise under 42 U.S.C. § 1981, which prohibits discrimination in contracts, or under 42 U.S.C. § 2000d, Title VI, which prohibits "discrimination under any program or activity receiving Federal financial assistance." 42 C.F.R. § 124.9(a). Title VI only applies to federally financed care, requires a person seeking relief to file an administrative complaint before filing suit, and does not permit recovery against an individual defendant such as Patel. *See generally Alexander v. Sandoval,* 532 U.S. 275, 121 S.Ct. 1511, 149 L.Ed.2d 517 (2001) (holding that § 601 of Title VI prohibits only intentional discrimination); *Peters v. Jenney,* 327 F.3d 307, 315 (4th Cir.2003) ("It is well-settled that there is an implied private right of action to enforce § 601's core prohibition of discrimination in federally financed programs.").

Because the complaint is filed *pro se,* and because Adams has identified a claim of racial discrimination in the provision of dialysis services, this court denies the motion to dismiss.

**III. The Motion for More Definite Statement under Rule 12(e)**
A district court will grant a motion for a more definite statement under Rule 12(e) when the pleading at issue "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The Supreme Court

has noted that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). The trial judge is given considerable discretion in deciding whether to grant a Rule 12(e) motion.

Adams's complaint is difficult to follow. He does not identify the legal basis for the claim he asserts. To provide the defendants with a basis to file a responsive pleading, Adams is ordered to file an amended complaint that is clearer and more specific in describing the grounds for the allegations and the relief sought. The amended complaint must be filed no later than **October 30, 2009.**

**IV. Conclusion**
The motion to dismiss is denied. The motion for more definite statement is granted. The amended complaint must be filed no later than **October 30, 2009.** Failure to comply may lead to dismissal of this action.

S.D.Tex.,2009.
Adams v. Patel
Not Reported in F.Supp.2d, 2009 WL 3170918 (S.D.Tex.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)
**(Cite as: 2011 WL 3273125 (S.D.Tex.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
S.D. Texas,
Houston Division.
Cesare WRIGHT, Plaintiff,
v.
SPINDLETOP FILMS, L.L.C., Defendant.

Civil Action No. 4:10–CV–4549.
July 28, 2011.

Berry Dunbar Bowen, Attorney at Law, Houston, TX, for Plaintiff.

William P. Ramey, III, Novak Druce Quigg, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

KEITH P. ELLISON, District Judge.

*1 Pending before the Court is Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dismiss, or for a More Definite Statement Pursuant to 12(e) (Doc. No. 6) and Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs (Doc. No. 7).

After considering the Motions, all responses thereto, and the applicable law, the Court finds that Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dismiss, or for a More Definite Statement Pursuant to 12(e) should be granted in part and denied in part and Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs should be granted.

### I. BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of the Motion to Dismiss. Plaintiff Cesare Wright ("Wright") is a documentary filmmaker. He is the sole author of a motion picture and claims sole ownership of copyright in the motion picture. De-

fendant Spindletop Films, L.L.C. ("Spindletop") also claims sole ownership in the motion picture. FN1

> FN1. Both parties point us to the extensive procedural and factual history involving the same parties and the same motion picture that was the subject of a state court action, removed to federal court under Case No. 4:10–cv–4551, and subsequently remanded to state court on July 1, 2011. (Case No. 4:10–cv–4551, Doc. No. 19.) Although this information provides context for the case presently before us (i.e., Case No. 4:10–cv–4549), for purposes of the pending motions, we must confine ourselves to the facts presented in Wright's complaint. Indeed, we note that the cause of action presented here—a declaratory judgment regarding the ownership of copyright—is one that is committed to the original and exclusive jurisdiction of a federal court. *See* 28 U.S.C. § 1338(a).

Wright filed suit seeking a declaratory judgment that he is the sole author and owner of the copyright in the motion picture. Spindletop filed a motion to dismiss the complaint on numerous grounds. Wright filed a motion seeking the imposition of costs for service and for having to move for the imposition of costs. The motions are ripe for disposition.

### II. MOTION TO DISMISS LEGAL STANDARDS

#### A. Rule 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n,* 138 F.3d 144,

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)
(Cite as: 2011 WL 3273125 (S.D.Tex.))

151 (5th Cir.1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman,* 138 F.3d at 151.

A district court may determine its subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Rodriguez v. Christus Spohn Health Sys. Corp.,* 628 F.3d 731, 734 (5th Cir.2010) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981)). An attack on subject matter jurisdiction may be "facial," where the district court accepts the facts in the plaintiff's complaint as true, or "factual," where the trial court is free to weigh the evidence and to make factual findings decisive of determination. *Williamson,* 645 F.2d at 413–14. "If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials. In the latter case a plaintiff is also required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981).

**B. Rule 12(b)(2), (4), (5)**
*2 Rule 12(b)(2) permits dismissal based on lack of personal jurisdiction over the defendant. Rule 12(b)(4) permits dismissal due to insufficient process, and Rule 12(b)(5) permits dismissal for insufficient service of process. "Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a ' Rule 12(b)(5) motion challenges the mode of delivery or the lack of de-

livery of the summons and complaint.' " *Gartin v. Par Pharm. Cos.,* 289 Fed. Appx. 688, 692 (5th Cir.2008) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353).

Rule 4(m) permits the dismissal of a suit if the plaintiff fails to serve a defendant within 120 days of filing, but provides that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." If good cause is present, the district court must extend time for service. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *Id.* "Good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States,* AA F.3d 296, 299 (5th Cir.1995). In addition, courts normally require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified...." *Id.*

**C. Rule 12(b)(6)**
A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim has facial

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)
(Cite as: 2011 WL 3273125 (S.D.Tex.))

plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).

**\*3** Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal,* 129 S.Ct. at 1950 (citation omitted). The court should not " 'strain to find inferences favorable to the plaintiffs' " or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.' " *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir.2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir.2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir.2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.,* 212 F.3d 595, 595 (5th Cir.2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 376 (5th Cir.2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli,* Case No. H–09–2408, ——

F.Supp.2d ——, 2010 WL 3749298 (S.D.Tex. Sept.21, 2010).

## III. ANALYSIS

Spindletop moves to dismiss Wright's complaint on a number of grounds, including lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), insufficient process under Rule 12(b)(4), insufficient service of process under Rule 12(b)(5), and failure to state a claim upon which relief can be granted under Rule 12(b)(6). In the alternative, Spindletop moves for a more definite statement under Rule 12(e).

### A. Rule 12(b)(1), Rule 12(b)(6), Rule 12(e)

Spindletop contends that Wright's complaint is so vague and devoid of factual allegations that it is impossible to determine the legal theory under which the claim is brought, the statute under which Wright's copyright action arises, or the facts supporting the existence of a dispute regarding copyright ownership. According to Spindletop, the complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted. In response, Wright contends that, if given a chance to amend and replead, he can allege specific facts to support both subject matter jurisdiction and his claims for relief.

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir.2002). Under Rule 12(e), a court may order a more definite statement of a pleading that is so vague or ambiguous that the responsive party cannot reasonably prepare a response. We find that Wright's complaint is almost completely bare of factual allegations. The only factual allegation contained in the complaint is that he created a motion picture. There are no facts to identify the motion picture that was created, when

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)
**(Cite as: 2011 WL 3273125 (S.D.Tex.))**

it was created, the circumstances under which it was created, how it was created, the relationship between Wright and Spindletop regarding the motion picture, or why Wright believes he is the owner of copyright in the motion picture. In addition, there are no facts describing the dispute between Wright and Spindletop over copyright ownership of the motion picture. Finally, Wright does not even identify the statutory provisions that give rise to his cause of action. [FN2] In the exercise of discretion, we deny Spindletop's motion to dismiss based on Rules 12(b)(1) and 12(b)(6) and grant Spindletop's motion for a more definite statement pursuant to Rule 12(e). We grant Wright leave to amend his complaint to plead with sufficient particularity the facts necessary to establish this court's subject matter jurisdiction and to state his claims for relief. If Wright's amended complaint does not include all of the information enumerated in this paragraph, we will dismiss his complaint.

> FN2. Wright cites 28 U.S.C. §§ 1332, 1338(a) in his complaint, but these statutes merely provide a grant of subject matter jurisdiction to the federal courts. Neither of these statutes provides Wright with a cause of action.

**B. Rule 12(b)(2), Rule 12(b)(4), and Rule 12(b)(5)**
   *4 Spindletop argues that the case should be dismissed for insufficiency of service of process and for lack of personal jurisdiction because service was not perfected upon Spindletop within 120 days as required by Federal Rule of Civil Procedure 4(m). Wright contends that the delay in service of process was due to Spindletop's refusal to waive service, its change in registered agent, and the difficulties in serving the summons upon Spindletop's registered agent.

   It is clear that Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint. *Millan v. USAA GIC,* 546 F.3d 321, 325 (5th Cir.2008). We can extend

the time for service based on a showing of good cause, or, if the plaintiff lacks good cause, we can extend the time for service based on our discretionary power. Here, Wright filed his complaint on November 15, 2010. Under Rule 4(m), Wright was required to serve Spindletop within 120 days (or no later than March 15, 2011). According to the undisputed affidavit of Wright's counsel, Amy Archambault, service of the complaint was attempted by email upon Spindletop's counsel on November 15, 2010. (Archambault Aff. ¶ 3, Doc. 7.) Archambault next sent notice of the lawsuit and a request to waive service of a summons to Spindletop via its registered agent on November 16, 2010. (*Id.* ¶ 4.) Spindletop did not return the waiver of the service of summons by December 27, 200. (*Id.* ¶ 5.) Archambault was preparing to seek issuance of a summons when she learned that, on November 29, 2010, Spindletop had changed its registered agent. (*Id.* ¶ 6.) On February 7, 2011, Archambault sent a notice of the lawsuit and a request to waive service of summons to Spindletop's new registered agent. (*Id.* ¶ 7.) Spindletop did not return the waiver of the service of summons. (*Id.* ¶ 8.) On March 14, 2011, summons was issued as to Spindletop. (*Id.* ¶ 9.) Archambault engaged the services of a private process server, which finally served process upon Spindletop on May 18, 2011. (*Id.* ¶ 9.)

   We find that Wright's counsel acted in good faith in attempting to serve Spindletop within the time period specified by Rule 4(m). *See Lambert,* 44 F.3d at 299. Wright's failure to serve Spindletop within the 120–day time period appears to have been due to repeated attempts to gain Spindletop's agreement to waive service, which was ultimately unsuccessful. We find that these Wright's attempts to serve Spindletop amount to a reasonable basis for noncompliance with Rule 4(m)'s time requirement. Therefore, we will extend the time period prescribed by Rule 4(m) for service of process and find that Wright's service of process was timely under the extended time period for service. We deny Spindletop's motion to dismiss Wright's complaint on the grounds of Rules 12(b)(2), (b)(4), and (b)(5)

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)
**(Cite as: 2011 WL 3273125 (S.D.Tex.))**

.

## IV. MOTION FOR IMPOSITION OF COSTS

*5 Wright has moved for the imposition of costs upon Spindletop pursuant to Rule 4(d)(2) for both the costs of service and the expenses related to filing a motion to collect the costs of service. Spindletop has not responded.

Rule 4(d)(1) requires that certain types of defendants waive service upon request in order "to avoid the unnecessary expenses of serving the summons." *See also Moore v. Hosemann,* 591 F.3d 741, 746 (5th Cir.2009). If a defendant subject to Rule 4's mandatory waiver provisions fails, without good cause, to waive service, "the court must impose on the defendant" both the costs of service as well as "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed.R.Civ.P. 4(d)(2). Here, Spindletop is a defendant that is subject to the mandatory waiver provision. Fed.R.Civ.P. 4(d) (1), 4(h). Wright attempted on November 16, 2010 and February 7, 2011 to obtain waiver of service from Spindletop. (Archambault Aff. ¶¶ 4, 7, Doc. 7.) Spindletop did not waive service. (*Id.* ¶ ¶ 5, 8.) Upon issuance of a summons, Wright engaged a process server for two hundred thirty dollars ($230.00) to serve process. Wright seeks the $230.00 expense incurred in serving process. In addition, Wright seeks the cost of two hours of attorney time that was expended on coordinating with the process server and preparing the motion for costs under Rule 4(d)(2). The affidavit of Wright's counsel confirms that she spent two hours on these activities and that she bills at two hundred fifty dollars ($250.00) per hour. We find that Wright is entitled to recover the expenses of serving process and two hours of attorney time in seeking these expenses. We award Wright seven hundred thirty dollars ($730.00) pursuant to Rule 4(d)(2) and order Spindletop to pay Wright this sum.

## V. CONCLUSION

For the reasons stated in this order, Defendants' Rule 12(b)(1), (2), (4), (5), and (6) Motion to Dis-

miss is **DENIED** and Defendants' More Definite Statement Pursuant to 12(e) is **GRANTED** (Doc. No. 6). Plaintiff must file an amended complaint within ten (10) days of this Order.

Plaintiff's Motion for the Imposition of Costs and Fees for Having to Move for the Imposition of Costs (Doc. No. 7) is **GRANTED**. Spindletop is ordered to pay Wright $730.00 for expenses associated with serving process and attorneys' fees.

**IT IS SO ORDERED.**

S.D.Tex.,2011.
Wright v. Spindletop Films, L.L.C.
Not Reported in F.Supp.2d, 2011 WL 3273125 (S.D.Tex.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.