IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERI LABLANCHE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| NATIONAL BOARD OF MEDICAL EXAMINERS – (NBME), FEDERATION OF STATE MEDICAL BOARDS – (FSMB), EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES – (ECFMG) | § § § § § § | CIVIL ACTION NO. 4:13-CV-00204 |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' SUPPLEMENT TO RULE 12(B)(5) MOTION TO DISMISS, OR FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E)**

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Supplement to Defendants' Rule 12(b)(5) Motion to Dismiss, or For More Definite Statement Pursuant to Rule 12(e), and would respectfully show this Court as follows:

**I.    BACKGROUND**

This case arises from Plaintiff Cheri LaBlanche's failure of the U.S. Medical Licensing Examination ("USMLE") in 2004 and 2006. Plaintiff alleges that her inability to pass the examination is attributable to her undefined and unsubstantiated disability of "acute headaches" caused by Defendants' computer-based test. Plaintiff seeks injunctive relief ordering Defendants to provide her with a paper-based form of the USMLE. (*See* Complaint, Docket No. 1, 4:13-cv-00204.)

Plaintiff originally filed this lawsuit on January 25, 2013. Although Plaintiff attempted to serve process on Defendants on April 16, 2013, that attempt violated the Federal Rules of Civil Procedure and was therefore ineffective. (*See* Returns of Service, Docket Nos. 5, 6, & 7, 4:13-cv-00204.) Defendants previously filed a Motion to Dismiss Plaintiff's claims on May 7, 2013, on the grounds that Plaintiff failed to properly serve Defendants. (*See* Motion to Dismiss, Docket No. 9, 4:13-cv-00204.) Defendants incorporate by reference the arguments contained in their prior motion.

Over one hundred twenty (120) days have passed since Plaintiff filed this lawsuit, yet she still has failed to properly serve any Defendant in this case. For the reasons that follow, this case should be dismissed.

## II.    LACK OF SERVICE WITHIN 120 DAYS REQUIRES DISMISSAL

Plaintiff's complaint should be dismissed because it was not timely served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) mandates that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff violates this express deadline without establishing good cause, Rule 4(m) authorizes dismissal without prejudice. *Id.* Indeed, dismissing untimely served actions is necessary "to vindicate [the district court's] control of its docket and to protect named defendants in case[s] brought in federal court." *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir. 1985).

Here, Plaintiff has failed to serve Defendants within 120 days after commencing this action. Plaintiff filed her complaint on January 25, 2013. Plaintiff thus has had over *five months* to either properly serve Defendants or request additional time to complete service. She failed to do either.

Although Rule 4(m) provides the option of extending the time within which Plaintiff may effect service, dismissal is warranted in this case. According to the Fifth Circuit, "[i]f good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996) (emphasis removed). Notably, "the party attempting service has the burden of demonstrating 'good cause' for failure to serve the opposing party." *Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 645 (5th Cir. 1994), *cert. denied,* 513 U.S. 1016 (1994).

Dismissal is appropriate because Plaintiff cannot meet her burden of showing "good cause" exists. To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect" and must make a showing of good faith and establish "some reasonable basis for noncompliance within the time specified." *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988); *Zermeno v. McDonnell Douglas Corp.,* 246 F. Supp. 2d 646, 665 (S.D. Tex. 2003). Courts have consistently held that inadvertence or mistake, ignorance of the rules, administrative office difficulties, or the added costs of expedited service do not constitute "good cause" for violation of Rule 4(m)'s 120-day service deadline. *See, e.g., Kersh,* 851 F.2d at 1512; *Fountain v. L & M Bo-Truc Rental,* No. 93-379, 1994 U.S. Dist. LEXIS 15375, at *4 (E.D. La. 1994); *Zermeno,* 246 F. Supp. 2d at 665. Moreover, Plaintiff cannot rely on her *pro se* status to exempt her from complying with the rules of service or to show "good cause" for failing to effect service. *See Kersh,* 851 F.2d at 1512; *Lucky v. Haynes,* 2013 WL 3054017, at *2 (N.D. Tex. June 18, 2013) ("[I]gnorance of the rules, even when proceeding *pro se*, does not constitute good cause under Rule 4(m) in the Fifth Circuit.").

Plaintiff has had five months to effect proper service in this case, and Plaintiff has had two months to cure the defects of service that Defendants identified in their prior motions. Yet over the last two months, Plaintiff has not even attempted to effect proper service. It is not clear why Plaintiff has not properly served Defendants. What is clear, however, is that Plaintiff has had ample time and notice to properly serve the parties in this case. Her unwillingness or inability to do so justifies dismissal of this lawsuit.

For the foregoing reasons, Plaintiff's complaint should be dismissed.

### III.   CONCLUSION

Defendants respectfully request that the Court dismiss this case without prejudice and order all such other and further relief to which Defendants are entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:  /s/  Alaina King Benford
    Alaina King Benford
    Attorney-In-Charge
    State Bar No. 24027288
    Federal I.D. No. 26994
    Peter C. Tipps
    State Bar No. 24070748
    Federal I.D. No. 1070319
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Counsel for Defendant National Board of Medical Examiners, Federation of State Medical Boards, and Educational Commission for Foreign Medical Graduates**

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on the July 18, 2013, a true and correct copy of the above and foregoing Supplement to Defendants' Rule 12(b)(5) Motion to Dismiss, or For More Definite Statement Pursuant to Rule 12(e) was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

>Cheri LaBlanche
>12806 Southspring Drive
>Houston, Texas 77047
>713-733-9777

>By: /s/ Peter C. Tipps
>Peter C. Tipps