**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHERI LABLANCHE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | |
| | § | |
| NATIONAL BOARD OF MEDICAL | § | CIVIL ACTION NO.  4:13-CV-00204 |
| EXAMINERS – (NBME), FEDERATION | § | |
| OF STATE MEDICAL BOARDS – | § | |
| (FSMB), EDUCATIONAL COMMISSION | § | |
| FOR FOREIGN MEDICAL GRADUATES | § | |
| – (ECFMG) | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Response to Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), and would respectfully show this Court as follows:

## I.     INTRODUCTION AND BACKGROUND

This case arises from the failure of Plaintiff Cheri LaBlanche ("Plaintiff") to pass the U.S. Medical Licensing Examination ("USMLE").  The USMLE is an examination relied upon by individual state medical licensing authorities to assess the qualifications of candidates for medical licenses.  The USMLE is a three-step examination that is designed to identify those who possess a minimum level of competence to practice medicine.  *See* **Exhibit A**, Affidavit of Gerard F. Dillon.

Step 1 of the USMLE is delivered on computer and assesses whether an applicant can understand and apply important concepts of the sciences basic to the practice of medicine. *Id.* Plaintiff took and failed Step 1 of the USMLE in 2005. *Id.*

After receiving the results of her exam, Plaintiff filed a lawsuit against the NBME and ECFMG in July 2005 in Harris County District Court seeking a judicial determination that she should be allowed to take a paper-based version of the USMLE due to "no confidence in computer examinations and their security." *See* **Exhibit B**, Plaintiff's Petition for Mandatory Injunction Preliminary and Perpetual. The case was dismissed for Plaintiff's failure to state a cognizable claim under Texas law.

In 2007, Plaintiff again took and failed Step 1 of the USMLE. *See* **Exhibit A**. Plaintiff then filed this lawsuit seeking the same relief from this Court that she previously sought from the state district court—a judicial determination that she should be allowed to take a paper-based version of the USMLE. Plaintiff now alleges that she suffers from a disability of "acute headaches" that is triggered by the USMLE's computer-based test format.

Plaintiff filed her motion for summary judgment before Defendants were even served with process.

Summary judgment should be based on undisputed facts and established principles of law. *See Bernard v. Binnings Const. Co., Inc.*, 741 F.2d 824, 829 (5th Cir. 1984). Plaintiff's Motion is based on neither. Instead, Plaintiff's Motion is no more than a re-captioned version of her Complaint. Plaintiff's Motion offers no admissible evidence in support of her allegations, cites no case law, and advances no legal grounds explaining why she is entitled to summary judgment as a matter of law. Plaintiff's Motion, like her Complaint, is not supported by facts or law and is a drain on judicial resources. Plaintiff's Motion is premature and fails to meet her

summary judgment burden of proof.  Consequently, Plaintiff's Motion should be denied as a matter of law.

## II.      SUMMARY JUDGMENT STANDARDS

To obtain summary judgment in its favor, a plaintiff must demonstrate affirmatively by admissible evidence that there is no genuine dispute of material fact concerning each element of its claim for relief.  *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). A plaintiff "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  This burden is a "heavy" one.  *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923 (N.D. Tex. 2009).  A plaintiff cannot prevail in such circumstances unless the evidence that plaintiff provides on each issue is "conclusive."  *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998); *see also Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986) (explaining that if a summary judgment movant has the burden of proof, the movant's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party") (citation and emphasis omitted).  A movant who fails to satisfy this initial summary judgment burden is not entitled to summary judgment as a matter of law.  *See Adickes v. S.H.Kress & Co.*, 398 U.S. 144, 157-159 (1970).

## III.     ARGUMENT AND AUTHORITIES

### A.      Plaintiff's Motion Is Premature

Although the Federal Rules allow a party to move for summary judgment at any time until thirty days after the close of discovery, summary judgment is premature if the respondent has not had an adequate time for discovery.  *See* Fed. R. Civ. P. 56(d); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987).  The discovery

process affords the parties an opportunity to analyze the evidence and identify those facts that are disputed and those that are not.  Critically, no discovery has taken place in this case.

Because no discovery has taken place, Plaintiff is not in a position to identify whether any fact issues are undisputed.  Although Plaintiff's Complaint is not clear, Defendants presume that she seeks relief under the Americans with Disabilities Act ("ADA").  *See* 42 U.S.C. § 12101 *et seq*.  Generally, a plaintiff seeking relief under the ADA must prove (1) that she is a qualified individual with a disability, (2) that the Defendants are subject to the ADA, and (3) that she was discriminated against by the Defendants on the basis of her disability. *See id.* §§ 12182, 12189; *Shaywitz v. Am. Bd. of Psychiatry and Neurology*, 675 F. Supp. 2d 376, 389 (S.D.N.Y. 2009).  In fact, Plaintiff never applied for accommodations on the USMLE and therefore was never denied such accommodations.[1]  There has been no opportunity to discover information about Plaintiff's alleged disability, nor have Defendants been able to depose Plaintiff's doctors or to review her medical records.  Simply, it is premature to conclude that there are no genuine issues of dispute in this case.  Quite the contrary, the issues essential to Plaintiff's cause of action (if developed) will be heavily disputed.  For that reason alone, summary judgment for Plaintiff at this stage is improper.  *See Fano*, 806 F.2d at 1266 (reversing summary judgment because motion was filed prior to conducting any discovery and therefore was premature).

At its core, Plaintiff's motion is a drain on judicial resources, a misuse of summary judgment procedures, and a meritless effort to skip the adversarial process and obtain her desired relief without adjudication on the merits.  Moreover, Plaintiff's Motion runs afoul of this Court's Memorandum and Order regarding motions for summary judgment, which provides:

---

[1] This alone would be a basis for the Court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.  *See Cunningham v. Univ. of New Mexico Bd. of Regents, et al.*, No. 11-2103, (10th Cir. Aug. 23, 2013); *Kober v. Nat'l Bd. of Med. Exam'rs*, Civil Action No. 09-1772 (W.D. La. June 7, 2010).  Courtesy copies of these opinions are provided at **Exhibits C** and **D**, respectively.

> [A] motion for summary judgment cannot be granted when, given the state of discovery, it is not yet possible to ascertain whether essential assertions of fact made by the moving party will be in genuine dispute.  In this circumstance, a motion requesting summary judgment is premature.  **It is a misuse of the time of both counsel and the Court for a party to file a motion for summary judgment before filing requests for admissions or other discovery devices designed to reveal whether the factual assertions on which the summary judgment motion is based are in dispute.**

*See* Docket No. 4, Memorandum and Order Regarding Discovery Motions, Motions for Summary Judgment and Analogous Motions to Dismiss (emphasis added).

The parties have not filed requests for admission.  The parties have not exchanged discovery requests and no depositions have taken place.  Indeed, the parties have not even conducted their initial discovery conference.  For those reasons, summary judgment at this stage is premature, inappropriate, and Plaintiff's Motion therefore should be denied.

**B.      Plaintiff Fails to Meet Her Initial Burden of Proof**

Plaintiff's Motion is fatally flawed: it is not supported by admissible evidence.  A plaintiff moving for summary judgment must demonstrate affirmatively by admissible evidence that there is no genuine dispute of material fact concerning each element of its claim for relief.  *See Celotex*, 477 U.S. at 322.  When the movant bears the burden of persuasion at trial—as in this case—the movant must produce evidence that would conclusively support its right to a judgment after trial should the nonmovant fail to rebut the evidence.  *See Fontenot*, 780 F.2d at 1194; *Sowell*, 603 F. Supp. 2d at 923; *Torres Vargas*, 149 F.3d at 35.  In other words, the evidence in the movant's favor must be so powerful that no reasonable jury would be free to disbelieve it.  Anything less should result in denial of summary judgment.  *See Calderone*, 799 F.2d at 258; 11 James Wm. Moore, Moore's Federal Practice § 56.40[1][c] (3d ed. 2013).

Not only has Plaintiff failed to produce conclusive evidence supporting her right to a judgment as a matter of law, Plaintiff has failed to produce any evidence supporting her

allegations.  The only "evidence" Plaintiff provides is her own affidavit attesting to the accuracy of the information contained in her motion, which is largely a cut-and-paste duplication of her Complaint.  She does not provide any medical records or opinions supporting her allegation that she suffers from a documented disability.  In addition, Plaintiff does not provide any evidence that she has ever sought and been denied a test accommodation from Defendants.  In fact, Plaintiff has never requested accommodations on the USMLE on the basis of a disability. *See* **Exhibit A**.

Plaintiff has not met her summary judgment burden and therefore her motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment, and order all such other and further relief to which Defendants are entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:   /s/  Alaina King Benford

    Alaina King Benford
    Attorney-In-Charge
    State Bar No.  24027288
    Federal I.D. No. 26994
    Peter C. Tipps
    State Bar No. 24070748
    Federal I.D. No. 1070319
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Counsel for Defendant National Board of Medical Examiners, Federation of State Medical Boards, and Educational Commission for Foreign Medical Graduates**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the September 23, 2013, a true and correct copy of the above and foregoing Defendants' Response to Plaintiff's Motion for Summary Judgment was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

> Cheri LaBlanche
> 12806 Southspring Drive
> Houston, Texas 77047
> 713-733-9777


> By:   /s/ Peter C. Tipps
>           Peter C. Tipps