IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERI LABLANCHE, § § PLAINTIFF, § § V. § § NATIONAL BOARD OF MEDICAL § EXAMINERS – (NBME), FEDERATION § OF STATE MEDICAL BOARDS – § (FSMB), EDUCATIONAL COMMISSION § FOR FOREIGN MEDICAL GRADUATES § – (ECFMG) § § DEFENDANTS. § | CIVIL ACTION NO. 4:13-CV-00204 |

## DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Rule 12(b)(1) Motion to Dismiss the Complaint of Plaintiff Cheri LaBlanche on the grounds that this case is not ripe for adjudication, and would respectfully show this Court as follows:

### I.   INTRODUCTION

This case arises from the failure of Plaintiff Cheri LaBlanche ("Plaintiff") to pass the U.S. Medical Licensing Examination ("USMLE") in 2005 and 2007. The USMLE is an examination relied upon by individual state medical licensing authorities to assess the qualifications of candidates for medical licenses. Plaintiff alleges that her previous failures of the USMLE are attributable to an impairment from which she allegedly suffers called Computer Vision Syndrome ("CVS"). (*See* Plaintiff's Summary Judgment Reply Brief, Docket No. 30, at 1.)  Plaintiff seeks an injunction ordering that Defendants accommodate her alleged impairment

by offering her a paper-based version of the USMLE.  Although Defendants have an office dedicated to, and policies and procedures written for, providing USMLE examinees with reasonable accommodations under the Americans with Disabilities Act, Plaintiff has never once requested an accommodation.  Therefore, this case is not ripe and should be dismissed.

## II.   BACKGROUND FACTS

The NBME and FSMB, both private, non-profit corporations, co-sponsor the USMLE.  The ECFMG is the third collaborator in the USMLE program.  *See* **Exhibit A**, Affidavit of Catherine Farmer, Psy.D., at ¶ 2.  The USMLE is an examination designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills that are important in health and disease and that constitute the basis of safe and effective patient care.  *Id.*  Results of the USMLE are reported to state licensing authorities for their use in evaluating applicants who are seeking an initial license to practice medicine.  *Id.*  The USMLE provides the licensing authorities with a common evaluation system for these applicants.  *Id.*  Among the goals of the USMLE are (1) to provide to licensing authorities meaningful information from assessments of medical knowledge and skills that are important to the provision of safe and effective patient care, and (2) to assure fairness and equity to applicants through the highest professional testing standards.  *Id.*

The mission of the NBME is to protect the health of the public by providing a common, consistent, state-of-the-art system of assessment for health professionals.  *See id.* at ¶ 3.  Maintaining the integrity of the testing process is a critical part of the NBME's obligation to protect the public safety.  *Id.*  To protect the integrity and meaning of the scores, the USMLE is administered under standard conditions, and the NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives an unfair advantage on the examination.  *Id.*

There are three "Steps" of the USMLE, consisting of four individual examinations. *See id.* at ¶ 4. The Step 1 and Step 2 Clinical Knowledge (CK) portions of USMLE are computer-based, multiple choice examinations administered year-round at locations nationwide and internationally. *Id.* The Step 2 Clinical Skills (CS) exam, in which examinees interact with individuals trained to portray patients, is administered year-round at five centers across the United States. *Id.* The Step 3 portion of USMLE includes computer case simulations and items; it is administered year-round at testing locations nationwide. *Id.*

The NBME's Office of Disability Services is responsible for implementing the USMLE's policy of providing test accommodations to individuals with recognized disabilities under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA"). *See id.* at ¶ 5. Upon receipt and review of an examinee's request for test accommodations and submission of supporting documentation, NBME consults with experts with expertise in the assessment, diagnosis, treatment, and accommodation of the claimed disability to assist in determining whether the applicant's submission documents show that she or he has a substantial limitation in a major life activity and, if so, what test accommodations are appropriate. *See id.*

Detailed guidelines concerning the type of information applicants should include with their requests are made available on the USMLE website. *Id.* at ¶ 6.

While the NBME grants reasonable test accommodations to examinees with disabilities as defined by the ADA, the NBME denies requests for test accommodations when the applicant has not provided documentation which establishes the existence of a condition or impairment that rises to the level of a disability as defined by the ADA. *Id.* at ¶ 7.

Plaintiff took Step 1 of the USMLE in 2005 and 2007. She failed to achieve a passing score each time. *See id.* at ¶ 8.

To date, the NBME Office of Disability Services has no record of Plaintiff ever submitting a request for testing accommodations on the basis of any disability. *See id.* at ¶ 9. Specifically, Defendants have no record of having received an application from Plaintiff requesting a paper-based testing accommodation on the basis of her alleged impairment of CVS, nor have Defendants received any supporting documentation corroborating Plaintiff's alleged impairment. *See id.* Consequently, Defendants have never denied Plaintiff a testing accommodation. *Id.*

Plaintiff is not currently registered to take Step 1 of the USMLE. *See id.* at ¶ 10.

### III.  MOTION TO DISMISS STANDARDS

Under Rule 12(b)(1), Plaintiff bears the burden of establishing that her claim is ripe for adjudication and that the Court has subject matter jurisdiction to hear this case. *See Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008); *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996) (holding that "a ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss" under Rule 12(b)(1)). When concerns of justiciability are raised, federal courts presume that they lack jurisdiction "unless the contrary appears affirmatively from the record." *See Renne v. Geary*, 501 U.S. 312, 316 (1991). In examining a Rule 12(b)(1) motion, a district court is empowered to consider matters of fact which may be in dispute. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of subject matter jurisdiction should be granted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle plaintiff to relief. *See id.* A court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside the pleadings. *See Caddell v. U.S.*, 61 Fed. App'x 918, *1 (5th Cir. 2003) (per curiam) (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980)).

## IV.     ARGUMENTS & AUTHORITIES

This case must be dismissed for lack of subject matter jurisdiction because it is not ripe for adjudication. Article III of the Constitution limits the power of federal courts to deciding "cases" and "controversies." *Diamond v. Charles*, 476 U.S. 54, 61 (1986). Thus it "goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To satisfy Article III's case or controversy requirement, a plaintiff must show that he or she has sustained or is immediately in danger of sustaining some direct injury that is traceable to the defendant's challenged conduct. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Ripeness is a component of subject matter jurisdiction because a court has no power to decide disputes that are not yet justiciable. *Lopez v. Houston,* 617 F.3d 336, 341 (5th Cir. 2010). The ripeness doctrine concerns the timing of a lawsuit, and asks whether the case has been brought at a point so early that it is not yet clear whether a real dispute to be resolved exists between the parties. *Anderson v. Green*, 513 U.S. 557, 559 (1995). The ripeness doctrine is necessary to prevent courts from becoming entangled in abstract disputes by adjudicating an issue prematurely. *Am. Med. Ass'n v. Bowen,* 857 F.2d 267, 272 (5th Cir. 1988).

To determine whether a claim is ripe for adjudication, a court must consider (1) the fitness of the issues for determination, and (2) the hardship to the parties of withholding court consideration. *Anderson v. Sch. Bd. of Madison County*, 517 F.3d 292, 296 (5th Cir. 2008). Because the issues presented here are not fit for determination, and because Plaintiff will endure no legally-cognizable hardship by withholding consideration of her claims, this case must be dismissed.

### A. Plaintiff's Claim Is Not "Fit" for Determination

Applying the first prong of the ripeness analysis, Plaintiff's complaint does not present a justiciable case or controversy because the issues presented are not "fit" for determination. *See id.* A claim is not "fit" for determination if it involves uncertain or contingent events that may not occur as anticipated or may not even occur at all. *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153-54 (5th Cir. 1993). Plaintiff's claim hinges on a finding that Defendants denied her request for testing accommodations on the USMLE. *See Kober v. Nat'l Bd. Of Med. Exam'rs*, No. 09-1772, 2010 WL 2342480, at *6 ("Logic compels the conclusion that a suit based upon the denial of a request for special testing accommodations becomes actionable upon the denial of the request."). Plaintiff, however, has never submitted a request for testing accommodations, nor has she provided documentation in support of any such request. *See* **Exhibit A**, at ¶ 9. Accordingly, Defendants have never had the opportunity to even consider – much less deny – Plaintiff's request for testing accommodations. *See id.* Plaintiff's claim thus turns on several hypothetical, contingent events which render the claim unfit for review, and this Court therefore does not have subject matter jurisdiction to hear it. *See Cunningham v. Nat'l Bd. Of Med. Exam'rs*, No. 1:10-CV-00451-BB-ACT, 2013 WL 4492168 (10th Cir. Aug. 23, 2013); *Kober*, 2010 WL 2342480, at *7 (W.D. La. June 7, 2010).[1]

*Cunningham v. National Board of Medical Examiners* is closely on point. *See* 2013 WL 4492168 (10th Cir. Aug. 23, 2013). *Cunningham* involved a request for testing accommodations submitted by Chad Cunningham, a USMLE applicant. *See id.* at *5-6. Cunningham, who alleged that he suffered from a reading disorder, applied to take Step 1 of the USMLE, requested a testing accommodation, and submitted medical records in support of his application. *Id.* at *2. After considering Cunningham's application, the NBME asked that the applicant provide

---

[1] The *Cunningham* and *Kober* cases are attached as **Exhibits B** & **C**, respectively.

additional information concerning the nature of his disability, or advise that additional information was not forthcoming so that the NBME could proceed with its review based on the information it had. *Id.* The applicant, however, never submitted the requested supplemental information. *See id.* at *5. Instead, he proceeded to take the USMLE without an accommodation and, after failing Step 1, filed a lawsuit against NBME under the Americans with Disabilities Act. *Id.*

Although the district court held that the claim was ripe for adjudication, the Tenth Circuit disagreed. *See id.* at *6. Holding that Cunningham's claims were not "fit" for judicial resolution, the Tenth Circuit relied on the fact that the NBME did not have the opportunity to issue a final determination of Cunningham's request for an accommodation, and that such a determination was a prerequisite to presenting a justiciable claim under the ADA. *See id.* at *6. Moreover, the court reasoned that it was within the realm of possibility that, had Cunningham supplemented his application or advised the NBME to continue its review, his request could have been granted. *Id.* The occurrence of such hypothetical, contingent events would either have sharpened the issues in the case, or rendered any decision completely advisory. *See id.* Either way, the case was not fit for adjudication and the court dismissed the case under Rule 12(b)(1). *See id.*; *see also Kober*, 2010 WL 2342480, at *6 (noting that if the plaintiff's request were granted, he would "not be injured and the basis for the lawsuit [would] vanish").

If the issues presented were not "fit" for judicial determination in *Cunningham*, they certainly are not fit for determination here. *See Cunningham*, 2013 WL 4492168, at *16-17. Plaintiff is not currently registered to take the USMLE. *See* **Exhibit A,** at ¶ 10. She has never submitted a request for testing accommodations for the USMLE. *See id.* at ¶ 9. She has never provided Defendants with any medical records or other documentation of her alleged disability.

*See id.* Accordingly, as in *Cunningham*, Defendants have not had an opportunity to assess Plaintiff's application or to issue a final decision regarding her desired testing accommodation. *See Cunningham,* 2013 WL 4492168 at *16-17. This is precisely the type of dispute that is barred by the ripeness doctrine. Accordingly, this case should be dismissed.

### B. Plaintiff Will Not Suffer "Hardship" By Dismissing Her Case

Although a finding that the issues in a lawsuit are not fit for judicial resolution is sufficient to dismiss the claim, Plaintiff's lawsuit should also be dismissed because she will suffer no hardship if consideration of her claim is withheld. *See Lopez,* 617 F.3d at 341 (dismissing a claim as unripe because the plaintiff did not satisfy the fitness prong). The hallmark of cognizable hardship is usually direct and immediate harm. *See State of Texas v. U.S. Dept. of Energy*, 764 F.2d 278, 284 (5th Cir. 1985). Cognizable hardship involves an act by a defendant that violates the plaintiff's legal rights or harms the plaintiff in a practical way. *See Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 716-17 (5th Cir. 2012).

Plaintiff will not suffer hardship as a result of her case being dismissed because postponing a decision until future, contingent, and speculative events take place does not constitute legally-cognizable hardship. *See Cunningham,* 2013 WL 4492168, at *18 ("Postponing decision on this case until Mr. Cunningham has suffered some concrete harm— until the Board has had the chance to make a final review and determination, and *that* determination causes Mr. Cunningham harm—cannot itself constitute an independent harm to Mr. Cunningham.") (internal quotes omitted). Thus, withholding review here will not cause Plaintiff immediate and significant harm in a legal or practical way. *See id.* She has never requested testing accommodations, nor is she currently registered to take the USMLE. *See* **Exhibit A,** at ¶¶ 9 & 10. Indeed, Plaintiff has not tested since 2007. *See id.* at ¶ 8. Thus Plaintiff has not suffered the type of hardship that might make her claim cognizable, *i.e.*, the

denial of her request for special testing accommodations. Withholding review of this case will require Plaintiff only to comply with the NBME's testing accommodation request process. Then, and only then, might Plaintiff be able to establish legally-cognizable hardship. Until then, she cannot satisfy the second prong of the ripeness analysis, and her claims therefore are not ripe.

## V. CONCLUSION

The purpose of the ripeness doctrine is to prevent federal courts from adjudicating matters unnecessarily. As the governmental branch of "last resort," the judiciary should be relied upon to resolve only those disputes that have developed into actual cases and controversies. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997). The Constitution demands this, but so too do prudential considerations.

Defendants, as professionals with expertise in providing a common, consistent, state-of-the-art system of assessment for future health professionals, are best situated to make initial assessments and determinations regarding USMLE testing accommodations. By contrast, such assessments and determinations are not within the province of the federal courts, which are far better suited to adjudicating matters only after the underlying facts are fully developed. By seeking judicial intervention at the outset, before seeking an assessment and determination through Defendants' established and proper administrative channels, Plaintiff attempts to turn this natural order on its head.

This Court should resist Plaintiff's efforts and should decline to resolve these issues.

## VI. PRAYER

For the reasons stated herein, Defendants pray that the Court grant this motion and dismiss all of the claims against them in this matter.

Dated:  December 3, 2013.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:  /s/  Alaina King Benford
    Alaina King Benford
    State Bar No.  24027288
    Federal I.D. No. 26994
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Attorney-In-Charge for Defendants National Board of Medical Examiners, Federation of State Medical Boards, and Educational Commission for Foreign Medical Graduates**

OF COUNSEL:

FULBRIGHT & JAWORSKI, L.L.P.
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
1301 McKinney, Suite 5100
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2013, a true and correct copy of the above and foregoing Motion to Dismiss was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

    Cheri LaBlanche
    12806 Southspring Drive
    Houston, Texas 77047
    713-733-9777

                    By: /s/ Peter C. Tipps
                          Peter C. Tipps