# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERI LABLANCHE, | § § § § § § § § § § § § § § | |
| PLAINTIFF, | | |
| V. | | |
| NATIONAL BOARD OF MEDICAL EXAMINERS – (NBME), FEDERATION OF STATE MEDICAL BOARDS – (FSMB), EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES – (ECFMG) | | CIVIL ACTION NO.  4:13-CV-00204 |
| DEFENDANTS. | | |

## AFFIDAVIT OF CATHERINE FARMER, PSY.D.

1. I am currently employed by the National Board of Medical Examiners ("NBME") as Director, Disability Services and ADA Compliance Officer, Testing Programs. As Director, my duties include, among other things, operational responsibility for the office that receives and processes requests for test accommodations for the United States Medical Licensing Examination ("USMLE"). I am responsible for making decisions whether to approve requests for accommodations on Steps 1 and 2 of the USMLE as well as decisions concerning the appropriateness of the accommodations to be provided.

2. The NBME is a private non-profit corporation which, together with the Federation of State Medical Boards of the United States, Inc. ("FSMB"), another non-profit corporation, has established the USMLE. The Educational Commission for Foreign Medical Graduates ("ECFMG") is the third collaborator in the USMLE program. The USMLE is an examination

designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills that are important in health and disease and that constitute the basis of safe and effective patient care. Each state's medical licensing authority sets its own rules and regulations for those seeking a license to practice in that jurisdiction. Results of the USMLE are reported to these authorities for their use in evaluating applicants seeking an initial license to practice medicine. The USMLE provides them with a common evaluation system for these applicants. Among the goals of the USMLE are (i) to provide to licensing authorities meaningful information from assessments of medical knowledge and skills that are important to the provision of safe and effective patient care; and (ii) to assure fairness and equity to applicants through the highest professional testing standards.

3. The mission of the NBME is to protect the health of the public by providing a common, consistent, state-of-the-art system of assessment for health professionals. Maintaining the integrity of the testing process is a critical part of the NBME's obligation to protect the public safety. In order to protect the integrity and meaning of the scores, the USMLE is administered under standard conditions, and the NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

4. It is also the responsibility of the NBME to ensure that applicants who request accommodations and have documented disabilities as defined by the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA"), receive reasonable and appropriate accommodations when taking the USMLE. The purpose of providing reasonable and appropriate accommodations is to afford examinees with disabilities equal access to the

examination process. There are three "Steps" of the USMLE exam, consisting of four individual examinations. The Step 1 and Step 2 Clinical Knowledge (CK) portions of USMLE are computer-based multiple choice examinations administered year-round at locations nationwide and internationally. The Step 2 Clinical Skills (CS) exam, in which examinees interact with individuals trained to portray patients, is administered year-round at six centers across the United States. The Step 3 portion of USMLE consists of computer case simulations and computer-based multiple choice items and is administered year-round at testing locations nationwide.

5. The NBME's Office of Disability Services is responsible for implementing the USMLE's policy of providing test accommodations to individuals with recognized disabilities under the ADA. Upon receipt and review of an examinee's request for test accommodations and submission of the supporting documentation, NBME staff reviews the submission to ascertain whether there is adequate documentation to make an informed decision with regard to appropriate accommodations. Detailed guidelines concerning the type of information applicants should include with their requests are made available on the USMLE website. In the event a request is found to be lacking sufficient supporting documentation to render an informed decision, NBME notifies the examinee in writing and requests additional information.

6. Examples of supporting documents are listed in the Test Accommodations Guidelines (the "Guidelines"), made available at the USMLE web site. The Guidelines are attached to this affidavit as **Exhibit A**.

7. While the NBME grants reasonable test accommodations to examinees with disabilities as defined by the ADA, the NBME denies requests for test accommodations when the

applicant has not provided documentation which establishes the existence of a condition or impairment that rises to the level of a disability as defined by the ADA.

8. Our records demonstrate that Plaintiff Cheri LaBlanche took Step 1 of the USMLE in 2005 and failed to achieve a passing score. She also failed to achieve a passing score on Step 1 of the USMLE in 2007.

9. The NBME Office of Disability Services has no record of Cheri LaBlanche ever submitting a request for accommodations on the basis of a disability and thus has no record of denying any request for accommodations submitted by Cheri LaBlanche.

10. Cheri LaBlanche is not currently registered to take Step 1 of the USMLE.

Further affiant sayeth not.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 3rd DAY OF DECEMBER, 2013.

_____
Catherine Farmer, Psy.D.

# AFFIDAVIT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | § |
| | § |
| COUNTY OF PHILADELPHIA | § |

Before me, Patricia M. Weaver, the undersigned notary public, this day personally appeared Catherine Farmer, Psy.D., who being duly sworn according to law, deposes and says:

All facts stated in the foregoing Affidavit of Catherine Farmer, Psy.D., in the *LaBlanche v. National Board of Medical Examiners* lawsuit, before the Southern District of Texas, 4:13-cv-204, are true and correct.

*/s/ Catherine Farmer*

Sworn to and subscribed before me this 3rd day of December, 2013.

*/s/*
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Patricia M. Weaver, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Nov. 16, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

# Exhibit A
# to Affidavit of Catherine Farmer, Psy.D

# Test Accommodations

A tool is available to assist the visually impaired if the text on these pages is too small. Go to Aisquared and create an account to download trial software.

## Guidelines

General | Learning Disorders | Attention-Deficit/Hyperactivity Disorder | Vision Impairments | Hearing Impairments

### General Guidelines for all Disabilities

The following guidelines are provided to assist the applicant in documenting a need for accommodation based on an impairment that substantially limits one or more major life activities. Documentation submitted in support of a request may be referred to experts in the appropriate area of disability for a fair and impartial professional review.

The examinee must personally initiate a written request for accommodations or for release of information relative to an accommodations request. All documentation submitted in support of a request for accommodations is confidential. No information concerning a request for accommodations is released without a written request from the examinee. Accommodations requests by a third party (such as an evaluator or medical school) cannot be honored.

**To support a request for test accommodations, please submit the following:**

1. Completed Test Accommodations Request form.
2. A detailed, comprehensive written report describing your disability and its severity and justifying the need for the requested accommodations.
3. The following characteristics are expected of all documentation submitted in support of a request for accommodations. **Documentation must:**

   - **state a specific diagnosis of the disability.**
     A professionally recognized diagnosis for the particular category of disability is expected, e.g., the DSM-IV diagnostic categories for learning disorders.

   - **be current.**
     Because the provision of reasonable accommodations is based on assessment of the current impact of the examinee's disability on the testing activity, it is in the individual's best interest to provide recent documentation. As the manifestations of a disability may vary over time and in different settings, in most cases an evaluation should have been conducted within the past three years, e.g., visual or neuromuscular conditions are often subject to change and should be updated for current functioning.

   - **describe the specific diagnostic criteria and name the diagnostic tests used, including date(s) of evaluation, specific test results and a detailed interpretation of the test results.**
     This description should include the results of diagnostic procedures and tests utilized and should include relevant educational, developmental, and medical history. Specific test results should be reported to support the diagnosis, e.g., documentation for an examinee with multiple sclerosis should include specific findings on the neurological examination including functional limitations and MRI or other studies, if relevant.

Diagnostic methods used should be appropriate to the disability and current professional practices within the field. Informal or non-standardized evaluations should be described in enough detail that other professionals could understand their role and significance in the diagnostic process.

- **describe in detail the individual's limitations due to the diagnosed disability, i.e., a demonstrated impact on functioning vis-a-vis the USMLE and explain the relationship of the test results to the identified limitations resulting from the disability.**
  The current functional impact on physical, perceptual and cognitive abilities should be fully described, e.g., an examinee with macular degeneration has reduced central vision which limits the ability to read.

- **recommend specific accommodations and/or assistive devices including a detailed explanation of why these accommodations or devices are needed and how they will reduce the impact of the identified functional limitations,**
  e.g., a learning disabled individual who has difficulty decoding might require an audio rendition of the exam.

- **establish the professional credentials of the evaluator that qualify him/her to make the particular diagnosis, including information about license or certification and specialization in the area of the diagnosis.**
  The evaluator should present evidence of comprehensive training and direct experience in the diagnosis and treatment of adults in the specific area of disability.

> **If no prior accommodations have been provided, the qualified professional expert should include a detailed explanation as to why no accommodations were given in the past and why accommodations are needed now.**