# EXHIBIT C

Not Reported in F.Supp.2d, 2010 WL 2342480 (W.D.La.)
**(Cite as: 2010 WL 2342480 (W.D.La.))**

Only the Westlaw citation is currently available.

United States District Court, W.D. Louisiana, Shreveport Division.
Michael Steven KOBER
v.
NATIONAL BOARD OF MEDICAL EXAMINERS.

Civil Action No. 09–1772.
June 7, 2010.

Clinton C. Black, Kitchens Benton et al, Bossier City, LA, for Plaintiff.

John Tucker Kalmbach, Cook Yancey et al, Shreveport, LA, Robert A. Burgoyne, Fulbright & Jaworski, Washington, DC, for Defendant.

*MEMORANDUM RULING*

TOM STAGG, District Judge.

**\*1** Before the court is a motion to dismiss filed by the defendant, the National Board of Medical Examiners ("NBME"). *See* Record Document 3. For the reasons stated below, the motion to dismiss is **GRANTED.**

*I. BACKGROUND*

Plaintiff, Michael Steven Kober ("Kober"), filed a "Complaint For Emergency Injunctive Relief" against the NBME, asserting that the NBME violated his right under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010, *et seq.,* by denying him special testing accommodations on the United States Medical Licensing Examination ("USMLE"). *See* Record Document 1. A little over a month thereafter, the NBME filed a motion to dismiss, contending that Kober's claims should be dismissed without prejudice because they are not ripe.

Kober alleges in his complaint that he is "planning to take the [USMLE] Step 1," and that the "NBME has illegally refused and is illegally refusing to accommodate Kober's learning disability by refusing Kober additional time to take the USMLE Step 1." *Id.* at 1. However, the record reflects, and Kober does not deny, that he is not currently registered to take the USMLE Step 1 exam and that he has no pending request for special accommodations on the USMLE Step 1 exam.[FN1]

> FN1. "The court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings." *Caddell v. United States,* 61 F. App'x 918 (5th Cir.2003) (citation omitted).

Kober previously requested special accommodations when registering for the USMLE Step 1 exam in June of 2008. The NBME responded that additional information was needed to evaluate his request. Instead of responding to the NBME's request, Kober withdrew his request. He later chose to take the Step 1 exam three times without success without any special testing accommodations.

In April of 2009, Kober again registered to take the Step 1 exam. On June 3, 2009, the NBME received a cover letter and various documents from Kober in support of a renewed request for special testing accommodations. In a letter dated June 24, 2009, the NBME informed Kober that the documentation he submitted was insufficient for the NBME to make an informed decision as to his request. The NBME again encouraged Kober to provide additional documentation to support his request.

Kober again did not provide any supplemental documentation. Instead, his attorney sent a letter to the NBME asking it to "reconsider" its decision. The NBME promptly responded by letter, informing Kober's counsel that no final decision had been made on the special accommodations request and that the NBME was awaiting a response from Kober. The NBME requested that Kober either sub-

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

mit the additional information that the NBME had requested or inform the NBME that no additional information would be provided, so that a final decision could be made.

The NBME did not receive a response from Kober or his counsel. Thus, the NBME never submitted Kober's request for special accommodations to an independent external reviewer, as was routine when a file was ready for review. Therefore, the NBME never made a final decision on Kober's June 2009 request for special testing accommodations. Kober's three month registration period to take the Step 1 exam expired on August 31, 2009, and he has not registered again to take the exam. Thereafter, Kober filed suit in this court.

## II. LAW AND ANALYSIS

**\*2** A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of proof that jurisdiction exists. *See Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.1980). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only it if appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citation omitted). To determine whether a claim is ripe for adjudication, a court must consider "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Anderson v. Sch. Bd. of Madison County,* 517 F.3d 292, 296 (5th Cir.2008) (quotations and citation omitted).

As to the first element of the ripeness determination, it is clear that Kober's claims are not yet fit for adjudication. Ripeness is a constitutional doctrine that "prevent[s] the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prods. Co .,* 473 U.S. 568, 580, 105 S.Ct. 3325, 3332 (1985) (quotations and citation omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 1259 (1998) (quotations and citations omitted).

In this case, Kober's claim is not fit for review because it turns on hypothetical, contingent events, since the NBME has not denied his request for special testing accommodations and Kober currently has no request pending before the NBME. Kober's argument that the NBME has effectively denied his special testing accommodations by informing him that his submissions were incomplete is disingenuous in light of the explicit instruction by the NBME to Kober to either supplement his documentation or inform the NBME that no additional information would be forthcoming so that the NBME could make a final determination as to his request. In support of his argument Kober inexplicably cites a letter from the NBME wherein it stated that if it "did not receive additional documentation from [Kober] ... [his] request for accommodations will be **cancelled** ." Record Document 3, Ex. B at 2 (emphasis added). Cancellation of a request is not equivalent to the denial of a request. Logic would compel the conclusion that a suit based upon the denial of a request for special testing accommodations becomes actionable upon the **denial** of the request. However, Kober's claim is unripe for adjudication because a denial has not yet occurred.

It is far from certain that the injury described in Kober's complaint will come to pass. The NBME may ultimately decide to grant Kober's request for special testing accommodations once he provides the additional information. If the special testing accommodation is granted, Kober will not be injured and the basis for his lawsuit will vanish. Thus, adjudication of the present controversy is "premature because the injury is speculative and may never occur." *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir.2000).

**\*3** With regard to the second component of the ripeness inquiry, the court finds that Kober will suffer no hardship if review of his claim is deferred. If

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2010 WL 2342480 (W.D.La.)
**(Cite as: 2010 WL 2342480 (W.D.La.))**

he requests special testing accommodations and is granted such, he will not suffer injury at all, let alone a hardship. If he requests special testing accommodations and is denied, he may seek redress in this court. He is not currently scheduled to take the exam. Actual injury would only occur should Kober register to take the exam and request special testing accommodations that the NBME denies.

Based on the evidence before the court, Kober's claims are simply not ripe for determination. Kober's argument that he has been "effectively denied" special testing accommodations is insufficient. It was Kober's burden to prove that this court has subject matter jurisdiction over his claims. *See Menchaca,* 613 F.2d at 511. Kober has not met his burden. Therefore, his claims must be dismissed.

### III. CONCLUSION

Based on the foregoing analysis, the motion to dismiss (Record Document 3) is **GRANTED.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

W.D.La.,2010.
Kober v. National Bd. of Medical Examiners
Not Reported in F.Supp.2d, 2010 WL 2342480 (W.D.La.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.