UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
DEC 1 3 2013
David J. Bradley, Clerk of Court

| | |
|---|---|
| Cheri LaBlanche )( | |
| Plaintiff, )( | |
| Vs. )( | |
| National Board of Medical Examiners - (NBME) )( | Civil Action No.4:13-CV-00204 |
| Federation of State Medical Boards - (FSMB) )( | |
| Educational Commission for Foreign Medical )( | |
| Graduates - (ECFMG) )( | |
| *Jointly and Severally*, - Defendants, )( | |

PLAINTIFF'S SUMMARY JUDGEMENT OF INJUNCTIVE RELIEF FOR:
(I) **8/30/2013 - DIAGNOSED CVS**
(II) EQUITY CHOICE and
(III) EQUITY NATIONAL STANDARD

I. CLAIM FOR PAPER BASE TEST DEMAND
*((TO ELIMINATE COMPUTER VISION SYNDROME - CVS))*
*DUE TO PLAINTIFF'S 8/30/2013 CVS DIAGNOSIS*

On 8/30/2013 Plaintiff was diagnosed with ***Computer Vision Syndrome; (CVS)*** is a legal, medical, and physical, **IMPAIRMENT** identified and recognized by the American Ophthalmology Association (AOA), and by the U.S. Center for Disease Control (CDC). CVS does not meet the standard, classification, or definition for accommodations as a DISABILITY, via the Americans with Disabilities Act (ADA); but Plaintiff does refer to the ***SPIRIT OF THE LAW - (ADA) Accommodations;*** with regard to her documented, exhibited, identified, and *DIAGNOSED IMPAIRMENT* of COMPUTER HEADACHES aka COMPUTER VISION SYNDROME (CVS).

**Plaintiff did comply with Dr. Vu Nguyen's diagnosed prescribed tasks, in the attempt to relieve and / or reduce the associated symptoms of CVS; but symptoms did PERSIST!** Please see the 8/30/2013 diagnosis **Exhibit O** attached.

Defendant's sworn affidavit summary judgment responses do confirm and corroborate, that Plaintiff was indeed repetitively and informally **DENIED** paper based examination requests, via numerous informal test site and telephonic communications. Please see the following Defendants' summary response quotes:

> Defendants' Exhibit A page 3 item 8 … … *"Since changing to CBT IN 1999, the three computer based steps have been administered over a million times, and NO EXAMINEE, including individuals who applied for and were granted accommodations, has been permitted to take USMLE in paper and pencil format."*

> Defendants' Exhibit A page 3 item 9 ... ... *"Even if a paper version of the examination existed - **((which it does not))** – we could not represent to score recipients that a score received on a paper-based examination ..."*
>
> *And finally Defendant repetitively denied Plaintiffs multiple test site and telephonic informal requests for paper base test accommodation; due to the fact that CVS does not meet the standard, classification, or definition for accommodations as a DISABILITY, via the Americans with Disabilities Act (ADA).*

Regarding *ANY* genuine issue or dispute as to the material facts of this claim; Defendants' *CANNOT OFFER ANY OPPOSITION* for the same as petitioned by Plaintiff; and of those similarly situated. Again there is NO genuine issue or dispute as to this claim and material facts; therefore and most respectfully Plaintiff is entitled to favorable judgment as a matter of law.

**\*\*\* PAPER EXAMINATIONS ARE THE ((ONLY)) REMEDY TO COMPLETELY ELIMINATE (CVS). Further please see Plaintiff's Exhibits A1 – A4 and B1 – B9. \*\*\***

### II. CLAIM FOR PAPER BASE TEST DEMAND FOR *((EQUITY CHOICE EXCHANGE))* OF DEFENDANTS' TOTAL TEST FEE COSTS OF $3,195.00 AND AVERAGE MEDICAL SCHOOL COSTS OF $200.000

Regarding *ANY* genuine issue or dispute as to the material facts of this claim; Defendants' are *MUTE* and offer *NO OPPOSITION* for the same as petitioned on behalf of Plaintiff; and of those similarly situated.

Relative to the sheer magnitude and importance of this claim, which are defined by the years of Education, Costs, Sacrifices, and the Subject Examinations; These have and will determine Plaintiff's current monetary and human investments, regarding her future, carrier path, and life goals; These are indeed worthy of Plaintiff being entitled to judgment as a matter of law, for the *Equity Choice Exchange* payment of the **remarkable** and **sizeable** total test fees cost of **$3,195** ... and if failure of any step test; full costs are required for additional attempts.

There is NO genuine issue or dispute as to this claim and material fact; therefore and most respectfully Plaintiff is entitled to favorable judgment as a matter of law.

### III. CLAIM FOR PAPER BASE TEST DEMAND FOR *((EQUITY NATIONAL STANDARD NORM OPTION VERSES COMPUTER))*

Regarding *ANY* genuine issue or dispute as to the material facts of this claim; Defendants' are *MUTE* and offer *NO OPPOSITION* for the same as petitioned on behalf of Plaintiff; and of those similarly situated.

The *Equity National Standard Norm Option* and choice of exam format, via Paper or Computer, is confirmed, established, and exampled by Texas, U.S. States, and U.S. Territories via *(1) STATE NURSING CERTIFICATION / LICENSURE EXAMS*; (2) State Bar Certification / Licensure Exams, (3) State Teacher Certifications / Licensure Exams, etc.

There is NO genuine issue or dispute as to this claim and material fact; therefore and most respectfully Plaintiff is entitled to favorable judgment as a matter of law.

PAPER EXAMINATIONS ARE THE (( **ONLY** )) REMEDY TO COMPLETELY ELIMINATE (CVS). Please see Plaintiff's Exhibits **A1 – A4** and **B1 – B9**.

There is NO genuine issue or dispute as to this claim and material fact; therefore and most respectfully Plaintiff is entitled to favorable judgment as a matter of law.

### IV. SUMMARY JUDGMENT AFFIDAVIT & CERTIFICATE OF SERVICE

I declare under penalty of perjury and am competent to testify based on my personal knowledge; that this RESPONSE TO DEFENDANTS' SUMMARY JUDGEMENT REPLY is true and correct. I also certify that a true and correct copy of this was forwarded to Defendants' Counsel of record

Respectfully Submitted,

*[signature]*

Cheri LaBlanche - Plaintiff
12806 Southspring Dr.
Houston, TX. 77047
713 733 9777

SIGNED on this **13** day of **December** 2013.

_____
PUBLIC NOTARY

RUTHE GREEN
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-02-17