UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC 1 3 2013

David J. Bradley, Clerk of Court

| | |
|---|---|
| Cheri LaBlanche )( | |
| Plaintiff, )( | |
| Vs. )( | |
| National Board of Medical Examiners - (NBME) )( | Civil Action No.4:13-CV-00204 |
| Federation of State Medical Boards - (FSMB) )( | |
| Educational Commission for Foreign Medical )( | |
| Graduates - (ECFMG) )( | |
| *Jointly and Severally*, - Defendants, )( | |

PLAINTIFF'S MOTION TO DENY DEFENDANTS' REQUEST FOR 12(B)(1)
DISMISSAL, DUE TO 8/30/2013 PROOF OF CVS DIAGNOSIS and
CORROBORATION PROOF OF
INFORMAL ACCOMODATION REQUEST DENIALS

I. DENY DISMISSAL DUE TO 8/30/2013 PROOF OF CVS DIAGNOSIS

DEFENDANT FALSELY CONTENDS THAT PLAINTIFF'S CVS IS AN ASSERTION / ALLEGATION – But to the factual contrary, on 8/30/2013 Plaintiff was diagnosed with *Computer Vision Syndrome (CVS), which* is a legal, medical, and physical, **IMPAIRMENT** identified and recognized by the American Ophthalmology Association (AOA), and by the U.S. Center for Disease Control (CDC). CVS does not meet the standard, classification, or definition for accommodations as a DISABILITY, via the Americans with Disabilities Act (ADA); but Plaintiff refers to the *SPIRIT OF THE LAW - (ADA) Accommodations;* regarding her documented, exhibited, identified, and *diagnosed impairment* of COMPUTER HEADACHES aka COMPUTER VISION SYNDROME (CVS).

**Plaintiff did comply with Dr. Vu Nguyen's diagnosed prescribed tasks, in the attempt to relieve and / or reduce the associated symptoms of CVS; but symptoms did PERSIST!** Please see the 8/30/2013 diagnosis **Exhibit O** attached.

II. DENY DISMISSAL DUE TO CORROBORATION PROOF OF
INFORMAL ACCOMODATION REQUEST DENIALS

Defendant's sworn affidavit summary judgment responses do confirm and corroborate, that Plaintiff was indeed repetitively and informally **DENIED** paper based examination requests, via numerous informal TEST SITE and telephonic communications with Defendants' ADA OFFICE. **Please see the following Defendants' Summary Judgment response quotes, which were the same DENIAL RESPONSES to my numerous requests for a paper base accommodation.**

Defendants' Exhibit A page 3 item 8 ... ... *"Since changing to CBT IN 1999, the three computer based steps have been administered over a million times, and NO EXAMINEE, including individuals who applied for and were granted accommodations, has been permitted to take USMLE in paper and pencil format."*

Defendants' Exhibit A page 3 item 9 ... ... *"Even if a paper version of the examination existed - **((which it does not))** – we could not represent to score recipients that a score received on a paper-based examination ..."*

*And finally Defendant repetitively denied Plaintiffs multiple test site and telephonic informal requests for paper base test accommodation; due to the fact that CVS does not meet the standard, classification, or definition for accommodations as a DISABILITY, via the Americans with Disabilities Act (ADA).*

\*\*\* PAPER EXAMINATIONS ARE THE **((ONLY))** REMEDY TO COMPLETELY ELIMINATE (CVS). Further please see Plaintiff's Summary Judgment Exhibits **A1 – A4** and **B1 – B9.** \*\*\*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this was forwarded to Defendants' Counsel of record

Respectfully Submitted,

*[signature]*, M.D.

Cheri LaBlanche - Plaintiff
12806 Southspring Dr.
Houston, TX. 77047
713 733 9777



August 30, 2013

To Whom It May Concern:

I had the pleasure of seeing Ms. Cheri LaBlanche for a comprehensive eye exam on August 18, 2013.

Ms. LaBlanche's entering visual concerns were computer eyestrain and blurred near vision. She also reported difficulty focusing on the computer with subsequent headaches after 30 minutes of computer usage. Ocular and medical histories were unremarkable, with the exception of seasonal allergies.

Her manifest refraction was OD: +0.75-0.50x030 (20/20) and OS: +1.00-1.00x145 (20/20). Blood pressure was slightly elevated at 148/94 mmHg. Otherwise, ocular health was unremarkable.

I educated Ms. LaBlanche on her current condition and informed her that the computer eyestrain was a result of her need for prescription eyeglasses. I recommended that she add an anti-glare coating to her lenses to help reduce incoming glare and halos. She was told to take frequent breaks every 20 minutes by looking away from her monitor and performing blinking exercises to reduce dry eye. In addition, I told her to have her monitor at or below eyelevel (10-15 degrees) at a distance of 20-24" away from her eyes.

In summary, Ms. LaBlanche presented with symptoms consistent with computer vision syndrome. She was advised to perform the above tasks to relieve and/or reduce her associated symptoms on the computer.

If we can be of any further assistance, please feel free to contact me.


Sincerely,

Dr. Vu Nguyen

Optometrist, Glaucoma Specialist

drnguyen@todaysvision.com

