IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERI LABLANCHE, § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | |
| § | |
| NATIONAL BOARD OF MEDICAL § | CIVIL ACTION NO. 4:13-CV-00204 |
| EXAMINERS – (NBME), FEDERATION § | |
| OF STATE MEDICAL BOARDS – § | |
| (FSMB), EDUCATIONAL COMMISSION § | |
| FOR FOREIGN MEDICAL GRADUATES § | |
| – (ECFMG) § | |
| § | |
| DEFENDANTS. § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Response to Plaintiff's Motion for Summary Judgment ("LaBlanche's Motion"), and would respectfully show this Court as follows:

## I.  INTRODUCTION

This case arises from the failure of Plaintiff Cheri LaBlanche to pass the United States Medical Licensing Examination ("USMLE").  LaBlanche seeks to take the computer-based portion of the USMLE in a paper-based format.  On July 12, 2013 (before Defendants were served with process), LaBlanche filed a motion for summary judgment.  (*See* Plaintiff's Motion for Summary Judgment, Docket No. 12.)  This Court denied that motion on December 9.  (*See* Order Denying Plaintiff's Motion for Summary Judgment, Docket No. 33.)  Four days later, LaBlanche filed a new motion for summary judgment.  The new motion seeks the same relief as

before, adding an exhibit in the form of an unsworn and unverified letter from an optometrist, Dr. Vu Nguyen.  In the letter, Dr. Nguyen opines that LaBlanche needs prescription eyeglasses and advises that LaBlanche perform blinking exercises.

LaBlanche's Motion should be denied.

## II.     ARGUMENTS AND AUTHORITIES

LaBlanche misunderstands the nature of summary judgment.  A party is entitled to summary judgment only when there is no genuine dispute of material fact concerning each element of its claim for relief.  *See* Fed. R. Civ. P. 56(a).  As a threshold matter, LaBlanche has failed to articulate a cognizable legal theory supporting her claim.  She fails to identify a cause of action or statute that entitles her to the relief she seeks.  Moreover, LaBlanche's Motion is premature and fails to meet her initial burden of proof.  Defendants have already briefed these issues, and hereby incorporate by reference their previous Response to Plaintiff's Motion for Summary Judgment.  (*See* Docket No. 25.)

To the extent that LaBlanche's Motion presents new evidence in support of summary judgment, the motion should be denied.  Specifically, LaBlanche provides an unsworn and unverified letter purportedly from her optometrist, Dr. Vu Nguyen.  (*See* Exhibit O to Plaintiff's Motion for Summary Judgment, Docket No. 34.)  According to the letter, LaBlanche went to Dr. Nguyen because of computer eyestrain and blurred near vision.  (*Id.*)  Dr. Nguyen informed LaBlanche that her eyestrain was the result of her need for prescription eyeglasses.  (*Id.*)  Dr. Nguyen recommended that LaBlanche wear eyeglasses with anti-glare coating, look away from the monitor every twenty (20) minutes, and perform blinking exercises to reduce dry eye.  (*Id.*)  He also instructed her how to position the monitor for her comfort.  (*Id.*)

Dr. Nguyen opined that by implementing these measures LaBlanche could "relieve and/or reduce her associated symptoms on the computer."  (*Id.*)  Dr. Nguyen does not diagnose

Ms. LaBlanche with a disability under the Americans with Disabilities Act ("ADA"), and accordingly does not recommend that she be provided with a testing accommodation such as a paper-based form of the USMLE. (*Id.*)  Moreover, LaBlanche admits that her visual impairment is not a disability under the ADA. (*See* LaBlanche's Motion, at 1.)  Thus to the extent that they can be ascertained, nearly all of the issues presented in this case are in dispute.  Nothing in LaBlanche's new motion resolves these disputes.

This Court has already denied LaBlanche's motion for summary judgment.  Her persistence in filing a new motion is a misuse of time and of judicial resources, and accordingly should be denied.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment, and order all such other and further relief to which Defendants are entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI LLP

By:  */s/  Alaina King Benford*
    Alaina King Benford
    Attorney-In-Charge
    State Bar No.  24027288
    Federal I.D. No. 26994
    alaina.benford@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Attorney-in-Charge for Defendants**

- 4 -

OF COUNSEL:

FULBRIGHT & JAWORSKI LLP
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
peter.tipps@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

## CERTIFICATE OF SERVICE

I hereby certify that on the January 3, 2014, a true and correct copy of the above and foregoing Defendants' Response to Plaintiff's Motion for Summary Judgment was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

    Cheri LaBlanche
    12806 Southspring Drive
    Houston, Texas 77047
    713-733-9777

By: */s/ Peter C. Tipps*
      Peter C. Tipps