UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 0 2014

David J. Bradley, Clerk of Court

Cheri LaBlanche )(
    Plaintiff, )(
Vs. )(
National Board of Medical Examiners - (NBME) )(    Civil Action No.4:13-CV-00204
Federation of State Medical Boards - (FSMB) )(
Educational Commission for Foreign Medical )(
Graduates - (ECFMG) )(
    *Jointly and Severally*, - Defendants, )(


PLAINTIFF'S 12/13/13 DEFAULT & SUMMARY JUDGEMENT ADDENDUM OF NO GENUINE DISPUTE OF MATERIAL FACT(S): INCLUDING COMPUTERS ARE THE SOURCE & CAUSE OF CVS & 8/30/13 SWORN COMPREHENSIVE EYE EXAM DIAGNOSIS OF COMPUTER VISION SYNDROME - CVS


I. NO GENUINE DISPUTE FACT THAT COMPUTERS ARE THE SOURCE & CAUSE OF CVS AND CLAIM FOR PAPER BASE TEST DEMAND REMEDY TO 100% ELIMINATES CVS

A.

On 8/30/2013 Plaintiff was diagnosed with **Computer Vision Syndrome; (CVS)** is a legal, medical, and physical, **IMPAIRMENT** identified and recognized by the American Ophthalmology Association (AOA); and by the U.S. Center for Disease Control (CDC).

Please note the following:

1. The Source & Cause of plaintiff's CVS Impairment is not with Plaintiff; but the <u>Source & Cause</u> of the CVS impairment is with defendant's EXCLUSIVE testing medium, the COMPUTER. **Please see plaintiff's 10/7/13 sworn summary judgment exhibits A1 – A4, and B1 – B9.**

2. Please see attached *Exhibits A and B*, confirming that plaintiff's sworn diagnosed vision is *UNREMARKABLE & NORMAL 20/20*; And that glasses were prescribed *ONLY* for computer usage

3. Plaintiff did comply with Dr. Vu Nguyen's diagnosed prescribed tasks, in the attempt to relieve and / or reduce the associated symptoms of CVS; but symptoms were NOT REDUCED or RELIEVED, but did PERSIST!

4. *** PAPER EXAMINATIONS ARE THE ((ONLY)) REMEDY TO COMPLETELY 100% ELIMINATES (CVS). ***

**II. DEFAULT DEMAND FOR** NO GENUINE DISPUTE OF MATERIAL FACT CLAIM FOR *((EQUITY CHOICE EXCHANGE))* OF DEFENDANTS' TOTAL TEST FEE COSTS OF $3,195.00

Regarding *ANY* genuine issue or dispute as to the material facts of this claim; Defendants' are *MUTE* and offer *NO ISSUE or OPPOSITION;* therefore by Default plaintiff prays the court will issue Summary Judgment

**III. DEFAULT DEMAND FOR** NO GENUINE DISPUTE OF MATERIAL FACT CLAIM FOR *((EQUITY NATIONAL STANDARD NORM [ PAPER ] OPTION, VERSES COMPUTER))*

Regarding *ANY* genuine issue or dispute as to the material facts of this claim; Defendants' are *MUTE* and offer *NO ISSUE or OPPOSITION;* therefore by Default plaintiff prays the court will issue Summary Judgment

**IV. SUMMARY JUDGMENT AFFIDAVIT & CERTIFICATE OF SERVICE**

I declare under penalty of perjury and am competent to testify based on my personal knowledge; that this RESPONSE TO DEFENDANTS' SUMMARY JUDGEMENT REPLY is true and correct. I also certify that a true and correct copy of this was forwarded to Defendants' Counsel of record

Respectfully Submitted,

Cheri LaBlanche - Plaintiff
12806 Southspring Dr.
Houston, TX. 77047
713 733 9777


**State of Texas**
**Harris County**

The above Signee appeared before me stating that this information and comprehensive diagnosis is true and accurate.

SIGNED on this 10 day of January 2014

RUTHE GREEN
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-02-17

_____
PUBLIC NOTARY

# TODAY'S VISION
### THE ONE TO SEE

August 30, 2013

To Whom It May Concern:

I had the pleasure of seeing Ms. Cheri LaBlanche for a comprehensive eye exam on August 18, 2013.

Ms. LaBlanche's entering visual concerns were computer eyestrain and blurred near vision. She also reported difficulty focusing on the computer with subsequent headaches after 30 minutes of computer usage. Ocular and medical histories were unremarkable, with the exception of seasonal allergies.

Her manifest refraction was OD: +0.75-0.50x030 (20/20) and OS: +1.00-1.00x145 (20/20). Blood pressure was slightly elevated at 148/94 mmHg. Otherwise, ocular health was unremarkable.

I educated Ms. LaBlanche on her current condition and informed her that the computer eyestrain was a result of her need for prescription eyeglasses. I recommended that she add an anti-glare coating to her lenses to help reduce incoming glare and halos. She was told to take frequent breaks every 20 minutes by looking away from her monitor and performing blinking exercises to reduce dry eye. In addition, I told her to have her monitor at or below eyelevel (10-15 degrees) at a distance of 20-24" away from her eyes.

In summary, Ms. LaBlanche presented with symptoms consistent with computer vision syndrome. She was advised to perform the above tasks to relieve and/or reduce her associated symptoms on the computer.

If we can be of any further assistance, please feel free to contact me.

Sincerely,

Dr. Vu Nguyen

Optometrist, Glaucoma Specialist

drnguyen@todaysvision.com

State of Texas
Harris County

The above Signee appeared before me stating that this information and comprehensive diagnosis is true and accurate.

SIGNED on this 10th day of January 2014

_____
PUBLIC NOTARY

CLARENCE BEASLEY
My Commission Expires
April 29, 2014

Exhibit A



# Today's Vision
### The One To See*

August 30, 2013

To Whom It May Concern:

I had the pleasure of seeing Ms. Cheri LaBlanche for a comprehensive eye exam on August 18, 2013.

Ms. LaBlanche's entering visual concerns were computer eyestrain and blurred near vision. She also reported difficulty focusing on the computer with subsequent headaches after 30 minutes of computer usage. Ocular and medical histories were unremarkable, with the exception of seasonal allergies.

Her manifest refraction was OD: +0.75-0.50x030 (20/20) and OS: +1.00-1.00x145 (20/20). Blood pressure was slightly elevated at 148/94 mmHg. Otherwise, ocular health was unremarkable.

I educated Ms. LaBlanche on her current condition and informed her that the computer eyestrain was a result of her need for prescription eyeglasses. I recommended that she add an anti-glare coating to her lenses to help reduce incoming glare and halos. She was told to take frequent breaks every 20 minutes by looking away from her monitor and performing blinking exercises to reduce dry eye. In addition, I told her to have her monitor at or below eyelevel (10-15 degrees) at a distance of 20-24" away from her eyes.

In summary, Ms. LaBlanche presented with symptoms consistent with computer vision syndrome. She was advised to perform the above tasks to relieve and/or reduce her associated symptoms on the computer.

If we can be of any further assistance, please feel free to contact me.

Sincerely,

Dr. Vu Nguyen

Optometrist, Glaucoma Specialist

drnguyen@todaysvision.com

Exhibit B