IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERI LABLANCHE, § § PLAINTIFF, § § V. § § NATIONAL BOARD OF MEDICAL § EXAMINERS – (NBME), FEDERATION § OF STATE MEDICAL BOARDS – § (FSMB), EDUCATIONAL COMMISSION § FOR FOREIGN MEDICAL GRADUATES § – (ECFMG) § § DEFENDANTS. § | CIVIL ACTION NO. 4:13-CV-00204 |

**DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS, OR RULE 12(B)(6) MOTION TO DISMISS**

Defendants National Board of Medical Examiners ("NBME"), Federation of State Medical Boards ("FSMB"), and Educational Commission for Foreign Medical Graduates ("ECFMG") (collectively, "Defendants") file this Rule 12(b)(1) Motion to Dismiss the Amended Complaint of Plaintiff Cheri LaBlanche on the grounds that: (1) no federal question exists and this Court does not have diversity jurisdiction over this case; and (2) alternatively, Plaintiff Cheri LeBlanche's claims are time-barred by the statute of limitations. Defendants would respectfully show the Court as follows:

### I.      INTRODUCTION

This ever-changing dispute arises from the failure of Plaintiff Cheri LaBlanche to pass a computer-based form of the U.S. Medical Licensing Examination (the "USMLE") in 2005 and 2007. Originally, LaBlanche asserted an "EQUITY CLAIM of REASONABLE ACCOMODATION for *PAPER-BASE TESTING*" of the USMLE. (*See* LaBlanche's Original

Petition, Docket No. 1, at 1.) She alleged that she suffered from "computer vision syndrome," and therefore was entitled to an accommodation in the form of a paper-based version of the USMLE. At that time, Defendants assumed (but could not be certain) that the Americans with Disabilities Act (the "ADA") provided the legal basis of LaBlanche's claims. In later briefing LaBlanche clarified that she "does not claim Accommodations via the Americans with Disabilities Act (ADA); but Plaintiff does refer to the ***SPIRIT OF THE LAW – (ADA) Accommodations***." (*See* LaBlanche's Summary Judgment Reply, Docket No. 30, at 2.) This Court expressed skepticism regarding LaBlanche's claim, stating in its January 14, 2014 Order that "it is the Court's belief that the Plaintiff has failed to state a legally cognizable claim." (*See* Court Order, Docket 37, at 1.) LaBlanche was given ten days to re-plead and provide a more definite statement.

LaBlanche subsequently filed a second amended complaint that fundamentally alters the nature of this case. LaBlanche no longer alleges that she suffers from a pre-existing disability arising under federal law or the "spirit of" a federal law for which she is entitled to reasonable accommodations and which permits this Court to hear this case under its federal question jurisdiction. Instead, LaBlanche now alleges that Defendants' administration of the USMLE in 2005 and in 2007 <u>caused</u> her disability. (*See* LaBlanche's Second Amended Complaint, Docket No. 40, at 1.) Thus, twelve months after originally filing this lawsuit—and nine years after LaBlanche first failed the USMLE—this seems to have become a tort case.

Because it is clear that this case does not implicate a federal question, and because LaBlanche and the FSMB are citizens of Texas, complete diversity does not exist and this Court therefore lacks subject matter jurisdiction to adjudicate this dispute. Independently and alternatively, the statute of limitations applicable to this tort case has long-since expired.

Either way, LaBlanche's claims must be dismissed.

## II. BACKGROUND FACTS

The FSMB is a national non-profit organization that collaborates with the NBME to sponsor the U.S. Medical Licensing Examination. *See* **Exhibit A**, Affidavit of David A. Johnson, at ¶ 7. The FSMB represents seventy (70) medical and osteopathic boards within the United States and its territories. *Id.* The FSMB assists state boards in protecting the public health, safety and welfare through promotion of high standards for physician licensure and regulation. *Id.* The FSMB's mission calls for "continual improvement in the quality, safety, and integrity of health care through the development and promotion of high standards for physician licensure and practice." *Id.*

The FSMB is incorporated in Nebraska, is registered in Texas, and is headquartered in Texas. *Id.* at ¶ 3. The FSMB operates out of two business locations: 400 Fuller Wiser Road, Suite 300, Euless, Texas 76039 ("Headquarters"), and 1300 Connecticut Avenue, NW Suite 500, Washington, D.C. 20036. *Id.* at ¶ 4.

The FSMB employs approximately one-hundred eighty five (185) full-time employees in Euless, Texas. The FSMB has only five (5) full-time employees who office exclusively in Washington, D.C. *Id.* at ¶ 5.

The FSMB's leadership consists of its house of delegates, board of directors, and executive staff. *Id.* ¶ 8. The executive staff carries out the core executive and administrative functions of the FSMB's business, including the direction, control, and coordination of company-wide policies. *Id.* at ¶ 12.

The executive staff implements the FSMB's business strategies, plans, and guidelines, which are set by the house of delegates at its annual meeting. *Id.* at ¶ 13. Additionally, the

executive staff crafts the FSMB operating budget, sets employee salaries, and makes final hiring and firing decisions of employees. *Id.* at ¶ 14.

Each of FSMB's executive staff members maintains an office at the FSMB's Headquarters and a residence in Texas. *Id.* at ¶ 11. The executive staff consists of:

- The President and Chief Executive Officer: Humayun J. Chaudhry. Mr. Chaudhry is also the secretary to the board of directors. Mr. Chaudhry splits his work time between Texas and Washington D.C. He maintains an office at the FSMB's Headquarters and a residence in Texas.

- The Chief Financial Officer: Todd Phillips. Mr. Phillips resides in Texas and offices at Headquarters.

- The Chief Information Officer: Michael P. Dugan. Mr. Dugan resides in Texas and offices at Headquarters.

- The Chief Advocacy Officer: Lisa A. Robin. Ms. Robin primarily works out of Washington D.C., but she maintains an office at the FSMB's Headquarters and a residence in Texas.

- The Senior Vice President for Assessment Services: David A. Johnson. Mr. Johnson resides in Texas and offices at Headquarters. *Id.* at ¶ 11.

The USMLE has three "Steps" and consists of four individual examinations. *See* **Exhibit B**, Affidavit of Catherine Farmer at ¶ 4. LaBlanche took Step 1 of the USMLE in 2005 and 2007. She failed to achieve a passing score each time. *See id.* at ¶ 8. LaBlanche now alleges that she suffers from a disability called "computer vision syndrome," and that the Defendants' administration of the USMLE is the "source and cause" of her alleged disability. (*See* Docket No. 40, at 1.)

LaBlanche has abandoned what appeared to be a claim arising under federal law. Consequently, LaBlanche now invokes this Court's diversity jurisdiction, and although she does not specifically plead her citizenship, her filings in this case and her address for service indicate that she is domiciled in Texas.  Because FSMB's principal place of business is also located in Texas, complete diversity does not exist.

Therefore, this case must be dismissed.

### III.    MOTION TO DISMISS STANDARDS

Federal Rule 12(b)(1) imposes upon LaBlanche the burden of establishing that the Court has subject matter jurisdiction to adjudicate this case. *See Mississippi State Democratic Party v. Barbour*, 529 F.3d 538, 545 (5th Cir. 2008); *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 804 (5th Cir. 1991) (holding that the party seeking to invoke the court's jurisdiction bears the burden to show that diversity jurisdiction exists).  When concerns of justiciability are raised, federal courts presume that they lack jurisdiction "unless the contrary appears affirmatively from the record." *See Renne v. Geary*, 501 U.S. 312, 316 (1991).   In examining a Rule 12(b)(1) motion, a district court is empowered to consider matters of fact which may be in dispute. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).  A motion to dismiss for lack of subject matter jurisdiction should be granted if it appears certain that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  *See id.*  A court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside the pleadings.  *See Caddell v. U.S.*, 61 Fed. App'x 918, *1 (5th Cir. 2003) (per curiam) (*citing Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 512 (5th Cir. 1980)).

Additionally, a 12(b)(6) motion to dismiss should be granted on statute of limitations grounds where it is evident from the plaintiff's pleadings that the action is barred and the

pleadings fail to raise some basis for tolling or the like. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

## IV. MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)

*Because LaBlanche Raises No Federal Question and Complete Diversity Does Not Exist, the Court Lacks Subject Matter Jurisdiction*

This case must be dismissed for lack of subject matter jurisdiction because complete diversity does not exist between the parties. Article III of the Constitution and section 1332(a) of the United States Code grant federal courts jurisdiction over civil actions between "citizens of different states." U.S. Const. art. III, § 2; 28 U.S.C. § 1332(a). Corporations are considered a "citizen" for purposes of those provisions. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990). It is well-established that when subject matter jurisdiction hinges on the court's diversity jurisdiction, the plaintiff must show complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). That is, the plaintiff must show "that all persons on one side of the controversy are citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008).

For purposes of determining diversity, a corporation is a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the state where it has its principal place of business. *See Harvey*, 542 F.3d at 1079. The Supreme Court has clarified that a corporation's "principal place of business" is where the corporation's "nerve center" is located—where the corporation's officers carry out the core executive and administrative functions, including the direction, control, and coordination of the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

This location "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and

coordination." *Id.* at 93; *see Petro Star, Inc. v. Samshin, Ltd.,* No. 4:10-cv-4525, 2011 WL 1740212 (S.D. Tex. May 4, 2011) (meeting the corporate registration requirements of Texas is evidence that a corporation's principal place of business is in Texas).[1] A corporation can establish its "nerve center" by providing evidence of who makes "important corporate decisions" and where those decisions are made. *See Balachander v. AET Inc. Ltd.*, 2011 WL 4500048, No. H-10-4805 at *5 (S.D. Tex. September 27, 2011).

In this case, the FSMB's important corporate decisions are made by its executives in Euless, Texas. The executive staff implements the FSMB's business strategies, plans, and guidelines. *See* **Exhibit A** at ¶ 13. The executives further "direct, control, and coordinate" FSMB's activities by carrying out the core executive and administrative functions of the FSMB's business by implementing company-wide policies, setting the operating budget, and making final hiring and firing decisions. *Id.* at ¶ 13; *See Balachander v. AET Inc. Ltd.*, 2011 WL 4500048, No. H-10-4805 at *5 (S.D. Tex. September 27, 2011) (these "important corporate decisions" include: setting the operating budget, making the final hiring and firing decision on employees, and establishing and executing the corporation's policies.).

The FSMB's executive staff consists of the President/Chief Executive Officer, Chief Financial Officer, Chief Information Officer, Chief Advocacy Officer, and Senior Vice President for Assessment Services. *Id.* at ¶ 11. Each of the executive staff members (including the President/Chief Executive Officer) maintains an office at FSMB's Texas office and has a residence in Texas. *Id.*; *See Balachander,* 2011 WL 979655 at *7-8 (concluding that a corporation's principal place of business was where its Chief Executive Officer and Chief Financial Officer worked, even though other officers worked elsewhere).

---

[1] All unreported cases are attached as **Exhibit C**.

Moreover, of the approximately one hundred ninety (190) full-time employees employed by the FSMB, one hundred eighty-five (185) office full-time in Texas.  *See* Exhibit A at ¶ 5.  Thus, under Supreme Court precedent, FSMB's principal place of business—its "nerve center"—is located in Euless, Texas.

LaBlanche too is a citizen of Texas.  Although her Second Amended Complaint fails to specifically identify her citizenship,[2] each pleading she has filed in this case provides that she may be served at her residence, which is located in Houston, Texas.  (*See, e.g.,* Docket Nos. 1, 12, 30, 34, & 35).  In addition, her attempts at service of process also provide that she is a resident of Houston, Texas.  (*See* Docket Nos. 5, 6, & 7.)  As a resident of Texas, LaBlanche is presumed to be a citizen of Texas.  *See Freeman v. Northwest Acceptance Corp.*, 754 F. 2d 553, 555-56 (5th Cir. 1985) (A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.).

Therefore, because both plaintiff and the FSMB are citizens of Texas, complete diversity does not exist.  Accordingly, LaBlanche cannot show that this Court has diversity jurisdiction to adjudicate this dispute.  Thus, since LaBlanche's claim does not raise a federal question, this case must be dismissed.

### V.     MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

*LaBlanche's Claims Are Time-Barred by the Statute of Limitations*

Alternatively, LaBlanche's claims must be dismissed because they are barred by the statute of limitations. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the

---

[2] Her complaint also does not state the relief sought, is unsigned, and therefore is defective.

like."). Under Texas law, personal injury claims are governed by a two year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). According to Defendants' records, LaBlanche last took the USMLE in 2007. *See* **Exhibit B**, at ¶ 9.[3] Even under the most generous interpretation of her Second Amended Complaint, LaBlanche sustained the alleged injury on which her claim is now entirely based no later than 2007. Her personal injury claim thus expired no later than 2009. Because this case was filed in 2013, six years after the latest time her alleged claim could have accrued, and four years after limitations expired, LaBlanche's claim is barred by the statute of limitations.

For the alternative reason that her claim are barred by the statute of limitations, LaBlanche's claims must be dismissed.

## VI. PRAYER

For the reasons stated herein, Defendants pray that the Court grant this motion and dismiss all of the claims against them in this matter.

---

[3] LaBlanche's pleadings indicate that she took the exam in 2004 and 2006. Defendants' records, however, indicate that she took the exam in 2005 and 2007. *See* **Exhibit B**, at ¶ 8.

Dated:  February 28, 2014

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By:  /s/  Alaina King Benford
    Alaina King Benford
    State Bar No.  24027288
    Federal I.D. No. 26994
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

**Attorney-In-Charge for Defendants National Board of Medical Examiners, Federation of State Medical Boards, and Educational Commission for Foreign Medical Graduates**

OF COUNSEL:

FULBRIGHT & JAWORSKI, L.L.P.
Peter C. Tipps
State Bar No. 24070748
Federal I.D. No. 1070319
1301 McKinney, Suite 5100
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2014, a true and correct copy of the above and foregoing Motion to Dismiss was filed using the Court's Electronic Filing System and that service on known Filing Users, including Plaintiff noted below, will be accomplished through certified mail and/or electronic transmission.

>   Cheri LaBlanche
>   12806 Southspring Drive
>   Houston, Texas 77047
>   713-733-9777

>   By:   /s/ Peter C. Tipps
>         Peter C. Tipps